DANIEL GALPIN *v.* GEORGE JESSUP.

The express exclusion, in the sale of a slave, of warranty, except as to title, is not, as a general rule, equivalent to a declaration of unsoundness, and will not relieve the vendor from the obligation of disclosing redhibitory vices or maladies, not apparent, which he knows to exist ; and the concealment of such defects will be fraud within the meaning of art. 2526 of the Civ. Code. *Aliter*, where from the terms of the exclusion, the idea is conveyed that the slave was unsound ; in such case, the exclusion will amount to a declaration of unsoundness.

APPEAL from the District Court of Ouachita, *Willson* J.

This was an action to rescind the sale of a slave, the plaintiff having given his note for the price. There was a judgment rescinding the sale, and ordering the note to be given up, or, in default thereof, security to be given to the plaintiff to protect him against any liability on the note.

*McGuire*, for the plaintiff.

*Copley*, for the appellant.

MORPHY, J. This is an action to rescind the sale, and to recover a note given for the price of a slave sold to petitioner by the defendant, on the ground that the negro was diseased, and of no value at the time of the sale ; and that the seller knew it, but concealed the fact for the purpose of defrauding him. There was a verdict and judgment below in favor of the plaintiff ; and the defendant has appealed.

. The sale was made with an exclusion of warranty, in the following words : " The vendor does not guaranty said negro man against *the vices prescribed by law*, and the said purchaser hereby expressly purchases said slave accordingly, and exacts only guarantee of title to said slave from said vendor." From the words of this clause, the exclusion of warranty does not, perhaps, extend to redhibitory diseases, as it mentions only the vices provided against by law, unless it be inferred from the latter part, which restricts the warranty to title only ; but, be this as it may, the sale seems to have been considered and treated, on all hands, as one without any warranty, except that relating to title. The charge given by the judge on the trial is complained of, because he declined to charge the jury that the refusal to warrant the slave was

equivalent to a declaration of unsoundness of the negro, on the part of the seller. The judge properly declined so to instruct the jury. If an exclusion of warranty was to be always viewed as a declaration of unsoundness, no recovery could ever be had in such cases, as no fraud or concealment could ever be imputed to a vendor who should sell without any warranty. In the case of *Nelson* v. *Lillard*, 16 La. 340, to which the appellant's counsel has referred us, the warranty of being *sound in body* was specially excluded, in such terms as to convey the idea that the slave was unsound, and to indicate that he was sickly and subject to diseases then unknown. This, under the peculiar circumstances of the case, the court considered as a declaration of unsoundness; but we are by no means prepared to lay down, as a general rule, that an exclusion of warranty, stipulated by a vendor, must be considered as a declaration of unsoundness, and thus absolve him from all liability. Our Code expressly provides that, the renunciation of warranty made by the buyer is not obligatory, where there has been fraud on the part of the seller; and, in accordance with this provision, this court has repeatedly held, that the exclusion of warranty in a sale does not relieve the vendor from the obligation of disclosing the redhibitory vices or maladies, not apparent, which he knows to exist, and that the concealment of such defects is fraud within the meaning of article 2526 of the Civ. Code. 1 Mart. 140. 6 Ib. 699. 7 Ib. 33. 18 La. 38.

From the evidence, the disease of this slave does not seem to have been well understood or defined, by the several physicians who testified. It can be gathered, however, from their testimony, that it was a disorder of the *viscera*, creating a morbid appetite, and occasional swellings in the abdomen and stomach of the subject, and benumbing at times his physical and mental faculties. Most of the witnesses agree that the negro was entirely useless, and some declare that they would not have maintained him for his labor. It is said to have been proved, that, from the appearance of the boy, any attentive person might have discovered that something was the matter with him, and that therefore the plaintiff cannot complain. Some of the effects of the disease might, indeed, have been visible, but it does not follow that the purchaser knew the nature and extent of the disease, which could not have been un-

known to the defendant, who had had the boy for some time in his possession, and had called in physicians to attend on him. He was bound to disclose it to the purchaser. There is some contradictory evidence in regard to the facts of the case, which cannot be said to be a strong one in favor of the plaintiff; but, upon the whole, it has appeared to us that the verdict is not so clearly erroneous as to make it our duty to disturb it.

*Judgment affirmed.*