CRAFTS J. WRIGHT *v.* JOHN J. CAIN, Marshal, and others.

Where one whose property has been seized under an execution against a third person notifies the marshal or sheriff that the property seized belongs to him, he will not, by omitting to take legal measures to prevent the sale, lose his recourse against the officer.

APPEAL from the District Court of the First District, *Buchanan* J.

*McKinney*, for the appellant. On behalf of the plaintiff, the case was submitted without argument.

BULLARD J. This is an action to recover of the Marshal of the city of Lafayette and his sureties the value of a flat boat and load of coal belonging to the plaintiff, which he alleges was wrongfully and illegally seized and sold by the said Marshal, as the property of Pomeroy & Co. Judgment was rendered for the plaintiff, and the defendant Cain has appealed.

It is clearly shown that the coal and boat were the property of

the plaintiff, and that in virtue of an execution on a judgment for forty-three dollars and sixty-eight cents and costs, against Pomeroy & Co. at the suit of McKean, about 3000 bushels of coal were seized ; and although the Marshal was formally notified that the coal was the property of the plaintiff, he persisted in selling it to satisfy the writ in his hands.

It is contended, in this court, that although the sale was advertised, no steps were taken to arrest it by any legal means, and that it is not sufficient to give notice that the property did not belong to the defendant in the execution. The writ in the hands of the Marshal authorized him to sell only the property of Pomeroy & Co. and after being notified that the property seized belonged to the plaintiff he proceeded to sell it, at his peril. The plaintiff may have been unable to give security for an injunction ; and we cannot consider him as having lost his recourse upon the marshal by declining to take any legal steps to prevent the sale. See Van Winkle's case recently decided.

*Judgment affirmed.*