## LUDELING *v.* GRAVES.

A sale, made of property seized under a *fi. fa.*, pending an opposition by a third person, if the opposition be sustained, will be null.

APPEAL from the District Court of Ouachita, *Barry*, J. *McGuire* and *Ray*, for the appellant. *R. W. Richardson* and *Garrett*, for the defendant. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff obtained an injunction against the execution of a writ of possession, issued from the District Court held in Ouachita, in the case of the present defendant v. *Hemkin et al.* The judgment rendered in that case was affirmed on an appeal to the Supreme Court, and is reported in 12 Rob. 103. The plaintiff claims the ownership of the slave *Jennie*.and her son *John*, which were the object of the writ of possession. On an issue made as to the title of the plaintiff, there was judgment in favor of the title of the present defendant, *Mrs. Graves*, dissolving the injunction, and condemning the plaintiff to pay the defendant $10 per month, from the 22d of March, 1847, the day of the issuing of the injunction; and the plaintiff has appealed. The litigation with which the property of the defendant in these slaves is connected, antagonist to the plaintiff and those in whose right she claims, dates back to 1840.

.I. The plaintiff alleges, in support of her title, that she purchased the slaves from *Bernard Hemkin*, on the 5th of August, 1842. But the only title which *Hemkin* himself had was null, under article 400 of the Code of Practice. The purchase was made pending the opposition to the sale under execution, and the subsequent decree of the Supreme Court is conclusive as to the effect of the adjudication, and the sale to the plaintiff was made during the pen-

LUDELING
v.
GRAVES.

dency of the opposition. *Hemkin* was the plaintiff in execution, and bound, as a party, by all the proceedings.

II. Plaintiff also claims title under a purchase she made at a sheriff's sale of the rights of the defendant in the suit abovementioned, by virtue of which she alleges herself to be the owner of the judgment on which the writ of possession issued. The sale was made under an execution for costs, on the 5th of Feb. 1844. But, by the return of the sheriff, it does not appear that the interest of the defendant in the suit purports even to have been seized, or sold. The parties whose interest the plaintiff appears by the record to have purchased, had no real interest in the suit, or the property which was the subject of it.

III. The plaintiff claims, in support of her title, through *Drinkgrave*, from whom she bought, the benefit of a purchase made by *George W. Copley*, of the interest of the defendant in the same suit, at a sheriff's sale under an execution issued on a judgment rendered against the defendant and her husband. This sale was made in April following (1844). Considering the character of the agreement under which *Drinkgrave* acquired *Copley's* rights, and the position of the latter as one of the attornies of the defendant at the time, we only feel ourselves called upon to state that, we think the plaintiff's title acquired no additional validity by superadding that thus acquired by the attorney of the defendant.

We have been asked by the counsel for the defendant to reduce the price allowed for the hire of slaves by the District Court, as the weight of testimony would be in favor of that reduction. This is a matter which, under contradictory evidence, rests in the judgment of the judge who tried the cause, and we may observe, in conclusion, that the plaintiff has not placed herself in a situation before the court to invoke its equity. The litigation, which she has inflicted on the lawful owner of these slaves, has been without cause, and even without apology; and the stipend allowed her will afford but a small indemnity for the injury which she has suffered by the deprivation of her property for so long a period.

There is no question raised in the pleadings as to the issue of the slave born since her son *John*, who is named in the writ. The others will follow the condition of their mother, and belong of course to the defendant.

*Judgment affirmed.*