10   433
114   424

## J. E. ZUNTZ *v.* Miss A. M. CORNEN and Mrs. MOUSSIER.

10   433
f125   285

The incapacity of a married woman to contract, is not absolute.

A married woman who signs a note and executes an authentic act of mortgage, with the authority
of her husband, to receive its payment, cannot arrest an order of seizure and sale simply on the
ground that she was a married woman. Nor can she arrest such an order upon a mere sugges-
tion of want of lawful consideration of the notes, without affidavit.

Where the authentic acts bear intrinsic evidence that the wife has exceeded her powers, the Judge
should not issue an order of seizure and sale ; but where they do not bear such evidence, the order
should be issued, and the wife left to her remedy, like other defendants in executory process, by
injunction upon affidavit.

C. C. 124, 1779, 2367, 2411, 2412.

APPEAL from the District Court of the Parish of Plaquemines, *Rousseau,* J.
H. D. Ogden, for plaintiff :

1. It is an attempt to change the proceedings *via executiva* into *via ordi-
naria,* without plaintiff's assent, either expressed or implied.   2 An. 488.

2. The proceedings are not in conformity to the mode prescribed by law.

The only remedy, authorized by the facts of the case, is that subsequently
resorted to, viz : an injunction.   C. P. 738 et al.   4 Rob. 492.   2 Rob. 90.

*Rozier* and *Penrose,* for defendants and appellants :

It appears from the face of the papers that an order of seizure issued erro-
neously. The mortgage act shows that at the time of the execution of the
notes and mortgage, Mrs. *Moussier* was married—a community of acquets and
gains existed between her and her husband. It is not stated in the act that
the debt was incurred for the benefit and use of the wife ; the mere acknowledg-
ment is that she, being indebted, mortgages, for the security of the debt, a
certain plantation and slaves.   The petition contains no other allegations.
The presumption of the law arising is, that the notes were executed in con-
sideration of a debt incurred by the husband, and for which he alone was
responsible. The husband being the head and master of the community, all
contracts entered into during the marriage must be considered as made by
him, and for his advantage, whether they be made in his own name or in the
name of both husband and wife. This presumption can be destroyed only by
positive proof that the consideration of the contract enured to the separate
benefit and advantage of the wife. It is clear that the acknowledgment made
by the wife in the instrument itself, cannot avail the plaintiff; if it could, the
protection which the law gives to married women would be nugatory.   6 Rob.

55

67. C. C. 2371. Although the debt was incurred in the name of the wife, still it is considered the debt of the husband. But even if the wife had acknowledged that the debt had enured to her sole benefit, nevertheless the wife has a right to force the creditor to prove it before he can exercise his right of selling her property.

A married woman who has given a mortgage upon her paraphernal property to secure advances which the act acknowledges to have enured to her benefit, is not thereby estopped from showing that the advances were not for her benefit, and that she is not bound by the act of mortgage. 5 An. 586. The *onus probandi* that the debt enured to the benefit of the wife is on the plaintiff. 3 La. 74. 4 Rob. 509. 1 An. 428. The law forbids the transfer of paraphernal property of the wife to pay the debts of the husband, or the debts of the community which he was bound to pay. 5 An. 572. C. C. 2912. A mortgage executed by a husband, under a power of attorney from his wife who was separated in property, on the paraphernal funds of the latter to secure the repayment of an amount alleged in the act to have been lent to the husband as her agent, but which was not shown to have been applied to her use, cannot be enforced. C. C. 2412. It is incumbent on the party seeking to enforce the contract of a married woman, to show that it enured to her benefit. 1 An. 424, 53. The wife is not estopped from setting up the defence, by her acknowledgment of the indebtedness, in an act of mortgage. 5 Ann. 173. In the case of *Bank of Louisiana* v. *Farrar*, 54, it is laid down that the Article 2412 makes no change in the law as it stood, at the time the sixty-first law of Toro was in force. By this law it was enacted, "and we do also order that when the husband and wife shall bind themselves jointly in one contract or severally, the wife shall not be bound in anything, unless it shall be proved that the debt was converted to her benefit."

OGDEN, J. (SLIDELL, C. J., absent.) This appeal is taken by the defendants from an order made by the court below, dismissing the oppositions of the defendants to an order of seizure and sale which the plaintiff had obtained.

The order of seizure and sale was granted on an act of mortgage executed by the defendants in favor of *Maunsel White*, to secure the payment of three promissory notes executed by the defendants for $10,766 each. The notes are the first and second notes of the defendants, payable to their own order, and Mrs. *M. Moussier*, being a married woman, was authorized by her husband to sign them.

The opposition of Mrs. *Moussier* sets forth that she was a married woman, and, that her notes were not therefore binding on her. She does not allege that the notes were given for a debt of her husband, but denies that she ever received any consideration therefor. The opposition was not sworn to and no injunction was prayed for. The other defendant took a rule on the plaintiff to show cause why the order of seizure and sale should not be set aside, on the ground that the defendants were entitled to certain credits, which could only be finally determined in an ordinary action. The Judge of the court below dismissed the oppositions of both defendants, on the ground that the only mode of arresting an order of seizure and sale, pointed out by law, was by an injunction.

The appellants' counsel argues that the appeal is taken from the order of seizure and sale, as well as from the order dismissing the oppositions, and contends that, on the face of the petition of the plaintiff, it appears that the order of seizure and sale could not have legally issued against Mrs. *Moussier*, who was a married woman.

The defendants have not filed an assignment of errors as required by the Code of Practice, when the case comes up without any bill of exceptions or certificate of the Clerk that the transcript contains all the evidence. No motion having been made to dismiss the appeal on that ground, we have considered

435

the case as if the appeal had been taken directly from the order of seizure and sale, and we are of opinion that the averments in the petition and the act of mortgage, and of subrogation by *Maunsel White*, of the plaintiff to his rights under the mortgage, was sufficient to authorize the order of seizure and sale against Mrs. *Moussier*. The incapacity of married women to contract is not absolute. *Helling* v. *West*, 2 An. 1. Mr. *Moussier* was authorized by her husband to enter into the contract, as appears on the face of the notes. It does not appear on the face of the proceedings, that the obligation she entered into was null and void, and no legal defence is suggested in the opposition which, without being sworn to, ought not to have been received. Code of Practice, Art. 738.

Plaintiff, by a supplemental petition, allowed certain credits, and it is not alleged by either of the defendants, that there are any other credits to which they are justly entitled. If there were such, the defendants should have filed an opposition under oath, setting forth the payments which had been made, and praying for an injunction in conformity with Art. 739 of the Code of Practice.

The court below did not err in dismissing the oppositions, and the judgment is therefore affirmed, with costs.

SPOFFORD, J. I concur in the opinion prepared by Mr. Justice Ogden, and add the following reasons :

A single, and a married woman authorized by her husband, executed their joint and several notes, and secured them by an authentic act of mortgage importing a confession of judgment upon a plantation and certain slaves.

It is contended that an order of seizure and sale could not be lawfully issued upon these authentic documents, although no informality is suggested, simply because one of the parties is a married woman.

It is also contended that the order of seizure and sale could be arrested by the married woman without affidavit or bond, upon her mere suggestion of a want of lawful consideration for the notes.

These propositions are novel and startling, and no precedent is cited to sustain them, if they are well founded in law, then no order of seizure and sale can ever be properly issued upon an authentic act of mortgage, when a married woman is one of the mortgagors, for the proof of consideration, and that such consideration enured to the separate benefit of the married woman, is, under the decisions, necessarily a matter *in pais;* her own acknowledgment in either act not constituting proof thereof.

The check that such a doctrine would impose upon the operations of commerce in a community where so large an amount of property is held by married women, should make us pause, before we add this to the other embarrassments of business in this State.

" The wife, whether separated in property by contract or by judgment, or not separated, cannot bind herself for her husband nor conjointly with him, for debts contracted by him before or during the marriage." C. C. 2412.

But, in the case before us, the wife does not pretend to bind herself for her husband, nor conjointly with him. Duly authorized by her husband, she confesses judgment for a debt apparently her own.

Must the judge, in such a case, without any evidence before him but the authentic act, on which there appears no single circumstance of suspicion, presume that it contains a latent fraud upon the law? Has such fraud become so common

as to be the rule instead of the exception, and to impose upon our District Judges the necessity, in all cases, of exempting the property of married women from the executory process ? I think not. At any rate, no adjudicated case has said so ; but we must say so, to reverse the judgment of the District Court.

The true doctrine, is, that where the authentic acts bear intrinsic evidence that the wife has exceeded her powers, the judge should not issue an order of seizure and sale; but where they do not bear such evidence, the order should be issued and the wife left to her remedy, like other defendants in executory process, by injunction upon affidavit. C. P. 738, 739 ; *Exchange and Banking Co.* v. *Walden*, 15 L. R. 433 ; *Clement* v. *Oakey*, 2 Rob. 90; *Minot* v. *United States*, 4 Rob. 492.

For, the wife may, in certain cases, validly mortgage her property with the authorization of her husband, in writing. C. C. 124, 1779, 2367, 2411.

It is true, that, when an issue is properly made up between the parties, the burden of proving the affirmative that the debt of the wife (particularly where it has been contracted conjointly with her husband) enured to her separate benefit, has been thrown upon the creditor. But, in no case does it appear that such an issue was made by rule upon simple suggestion without affidavit, when an order of seizure had been issued upon authentic documents unsuspicious upon their face.

The case of *Durnford* v. *Gross and Wife*, 7 M. 465, was an ordinary action against the wife upon a promissory note signed *conjointly with her husband.* So was the case of *Davidson* v. *Stewart*, 10 L. R. 146.

*Brandegee* v. *Kerr and Wife*, 7 N. S. 64, was an ordinary suit upon a promissory note made by the wife and endorsed by the husband, which, the court remarked, could not be distinguished from a joint and several note of husband and wife.

*Prudhomme* v. *Edens, Administrator*, 6 Rob. 65, was an action *viâ ordinaria* upon a note drawn *in solido* by husband and wife.

*The Firemen's Insurance Company* v. *Cross*, 4 Rob. 510, was an ordinary suit upon a note made by the defendant, authorized by her husband, who also, in the accompanying acts of mortgage, bound himself for the debt; but the point decided was, that the District Judge ruled correctly in allowing the defendant to show by testimony that the loan was actually made to *Osborn Cross* her husband, and not to her herself, as stated in the acts.

*Patterson & Co.* v. *Fraser and Wife*, 5 An. 586, was an ordinary action, in which the wife denied her acknowledgment in an authentic act made when she was a minor under marital authority. The evidence cast various circumstances of suspicion upon the good faith of the act, and the court refused to hold the wife bound.

*De Gaalon* v. *Matherue*, 5 An. 495, was a simple suit upon a promissory note, and the wife proved that her husband had received the consideration, and was released.

*Provost* v. *Provost*, 5 An. 574, was an action by a married woman to annul an assignment made by her, and the court said that, under the evidence, there was no doubt that the assignment was an attempt to apply the separate property of the wife to the payment of the debts of the husband, which the law forbids.

In *Pascal* v. *Sauvinet*, 1 An. 428, the wife sued out an injunction against an order of seizure and sale upon a mortgage, which, her husband, as her attorney in fact, had given ; the court sustained the injunction, stating that the evidence

rendered it probable that the loan and mortgage were made without her knowledge or consent, and that the money which was received by the husband, was applied exclusively to his own use.

In *Taylor* v. *Carlyle*, 2 An. 579, the plaintiff, a married woman, also enjoined an order of seizure and sale against her property, upon the ground that the debt for which the mortgage was given, was her husband's debt; the court said the evidence satisfactorily established the averment, and perpetuated the injunction.

*Ervin* v. *McCalop*, 5 An. 173, was an injunction sued out by the wife, against an order of seizure and sale under similar circumstances. The defendant in injunction met the issue, and attempted to prove that the debt inured to the benefit of the plaintiff, in which he failed.

In *Beauregard* v. *Her Husband*, 7 An. 293, it appears that the note upon which the order of seizure and sale issued was the joint and several obligation of the husband and wife, and, therefore, came within the prohibition of C. C. 2412.— Still, the wife went through all the formalities of an injunction to stay the sale, and succeeded.

Not one of these cases sustains the position of the appellant, that the petition and documents annexed do not make out a proper case for an order of seizure and sale, or that, it is competent for her to arrest the order by her unsworn statement, in a rule, that the notes were without consideration.

She should have proceeded by injunction, if she wished to arrest so solemn a proceeding as this order, based upon her own formal act importing a confession of judgment.