THE PACIFIC MAIL STEAMSHIP COMPANY *vs.* THE GREAT WESTERN INSURANCE COMPANY.

Ruger Brothers, being the owners and agents of a steamship, chartered her to the plaintiff to carry a cargo of coal from New York to Japan. Having agreed with the plaintiff to furnish the latter with a policy of insurance covering the freight money and the value of the coal, they procured of the defendant a policy, by which the defendant insured "Ruger Brothers *on account of whom it may concern.* In case of loss, to be paid to" the plaintiff. "Such loss to be paid in thirty days after proof of loss and proof of interest," &c.; "the amount of any note or notes given" the defendant "for premiums, if unpaid, and all other indebtedness, being first deducted." The ship sailed, with the coal on board, and was never heard from, afterward. The plaintiff was the owner of the coal. In an action on the policy, the defendant attempted to set-off three notes held by the defendant, for premiums, made by Ruger Brothers, amounting in the aggregate to more than the loss. *Held* that the decision of the referee, excluding the set-off, and that the plain-

Pacific Mail Steamship Co. *v.* Great Western Insurance Co.

tiff was entitled to recover the full amount of its claim, less the amount of premiums for this insurance, was correct.

*Held, also,* that the subject insured not belonging to Ruger Brothers, but to the plaintiff, the policy did not insure the former, but in virtue of its terms, it did insure the latter. That the expression in the policy, "whom it may concern," covered the plaintiff, as the real owner, of the property, and Ruger Brothers could claim nothing under the policy.

*Held, further,* that the notes of Ruger Brothers, held by the defendant, which had no connection with this insurance, were not a legal counter-claim, nor did the policy authorize the defendant to deduct them from the amount due under the policy, for the loss.

It is a familiar principle that an assignee cannot claim, or recover, what his assignor could not.

The legal result is not the same, where a policy is assigned as when the underwriter insures "whom it may concern," and there is no assignment. In the latter case, there is a privity between the insurance company and the actual owner of the property, from the time of the insurance, and the contract is with him, as the assured.

APPEAL from a judgment entered on the report of a referee.

The facts are sufficiently stated in the opinion of the court.

*Joseph H. Choate,* for the appellant.

*James P. Lowrey,* for the respondent.

*By the Court,* FANCHER, J. In May, 1866, Ruger Brothers were owners and agents of the ship *Elise Ruger,* and chartered her to the plaintiff to carry 900 tons of coal from New York to Japan. They agreed to furnish the plaintiff with a policy of insurance covering the freight money and the value of the coal, and with intent to perform their obligation, they obtained the policy from the defendant on which this action is brought. The premium was $401.25 on $8,000 as the value of the coal. By the policy, the defendant insured "Ruger Brothers, *on account of whom it may concern.* In case of loss to be paid to Pacific Mail Steamship Co.," and the policy contained the printed clause following: "And

in case of loss, such loss to be paid in thirty days after proof of loss and proof of interest in the said ——— (*the amount of any note or notes given this company for premiums, if unpaid, and all other indebtedness being first deducted.*")

The vessel sailed on the intended voyage, with the coal on board, and was never heard from afterward. The complaint alleges that the plaintiff duly made and furnished to the defendant proofs of loss and of the plaintiff's interest, which allegation does not seem to be denied. It appeared on the trial before the referee, that the plaintiff was the owner of the coal. The defendant attempted to set-off three notes held by it, for premiums, made by Ruger Brothers, amounting in the aggregate to more than the loss ; but the referee excluded the set-off, and decided that the plaintiff was entitled to recover the full amount of the plaintiff's claim, less the amount of premium for the insurance.

We think the decision of the referee was correct. Had the coal belonged to Ruger Brothers, they would have been the parties assured, and the defendant, in that case, would have been entitled to deduct their notes. But the evidence shows that Ruger Brothers never owned or had any interest in the subject insured. It was owned by the plaintiff. The policy, therefore, did not insure Ruger Brothers; but, in virtue of its terms, it did insure the plaintiff. The expression in the policy "whom it may concern," covers the plaintiff ; and the agreement of the defendant was, that the amount of insurance should, "in case of loss, be paid to the Pacific Mail Steamship Company." It was not possible that Ruger Brothers could claim or recover anything under the policy; and no property of theirs was covered by it. They, therefore, were not the parties insured. The "assured" was the plaintiff. To this the defendant had agreed ; for it is well settled, that the phrase "whom it may concern," insures the real owner of the property.

(*Bidwell* v. *Northwestern Ins. Co.*, 19 *N. Y.* 182. *Aldrich* v. *Eq. Safety Ins. Co.*, 1 *Woodb. & Min.* 276. *Forgay* v. *Atlantic Mut. Ins. Co.*, 2 *Rob.* 90.)

In order to give the policy its correct reading and interpretation, the clause on which the defendant relies as authorizing a counter-claim of the notes, would read as follows: "And in case of loss, such loss to be paid in thirty days after proof of loss and proof of interest in the said" *party or parties whom it may concern* ("the amount of any note or notes given this company for premiums, if unpaid, and all other indebtedness being first deducted.")

The amount of the unpaid premium due on the policy was deducted by the referee from the amount reported due for the loss; and it seems to us clear that as the defendant held no note of the plaintiff, it was not entitled to any further deduction. The notes of Ruger Brothers, which had no connection with this insurance, were not a legal counter-claim, nor did the policy authorize the defendant to deduct them from the amount due under the policy, for the loss. (*Hulbert* v. *Pacific Ins. Co.*, 2 *Summ.* 278. *Aldrich* v. *Eq. Ins. Co.*, 1 *Woodb. & Min.* 276. *Williams* v. *Ocean Ins. Co.*, 2 *Metc.* 303. *Soms* v. *Eq. Safety Ins. Co.*, 12 *Gray*, 531.)

The cases cited by the appellant's counsel (*Grosvenor* v. *Atlantic Fire Ins. Co.*, 17 *N. Y.* 391; and *Bidwell* v. *Northwestern Ins. Co.*, 19 *id.* 179) were neither of them instances where the policy insured "whom it may concern," as in the present case. The mortgagor was named as the party insured, in each of those cases. And the cases cited by the appellant's counsel, where the party named was the person concerned at the time of the insurance, and who afterward assigned the policy, are distinguishable from the present case. It is a familiar principle that an assignee cannot claim or recover what his assignor could not. The legal result is not the same where a policy is assigned, as when the under-

writer insures "whom it may concern," and there is no assignment. In the latter case there is a privity between the insurance company and the actual owner of the property from the time of the insurance, and the contract is with him as the assured. We think the judgment should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, May 5, 1873. *Ingraham, Fancher* and *Davis*, Justices.]