(38 South. 404.)

No. 15,469.

BRUGIER v. MILLER (HOSMER, Intervener).

(March 27, 1905.)

APPEAL—PARTIES—INTERVENTION—INJUNCTION.

1. One who has not been cited in a proceeding culminating in a judgment from which an appeal is taken is not a necessary party to such appeal.

2. One who occupies the status and discloses the interest required by law may intervene by way of opposition in a proceeding via executiva, though no injunction be prayed for or obtained.

(Syllabus by the Court.)

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Thomas Moore Burns, Judge.

Action by Oscar R. Brugier against Benjamin M. Miller and Charles L. Hosmer, receiver of the Slidell Company, Limited, intervener. Judgment for plaintiff, and the intervener appeals. Reversed.

Henry L. Garland, Jr., for appellant. Benjamin Ory, for appellee.

### Statement.

MONROE, J. Plaintiff obtained executory process upon an act of mortgage (in the usual form, save as hereinafter noted) of date February 7, 1903, securing a promissory note for $13,000, upon which, as he alleges, $1,462.50 has been paid. The property mortgaged lies adjacent to and in the town of Slidell, and is described in the act agreeably to the government subdivisions, but now and then, following the descriptions of particular tracts, there appears something to this effect, to wit, "It is understood and agreed that a street shall be laid out and dedicated on the last above-described tract," or, "It is understood and agreed that a street, not less than fifty feet wide, shall be laid out and dedicated along the side boundary of the above-described * * * tract." The petition filed by the plaintiff, and the writ obtained by him, not only observe these conditions, and provide that the land shall be sold with reference to them, but they go somewhat farther, and pray and provide that the sale shall be made with reference to a certain map or plan, styled the "First Addition to the Town of Slidell," to which the act of mortgage does not refer, and which it is alleged is on file in the office of the clerk of the district court. The petition and writ also pray and provide that certain portions of the mortgaged property, designated as town lots, in town squares, shall not be sold, for the alleged reason that as to them the mortgage has been released. The writ, as thus prayed for and issued, had been executed to the extent that the property had been seized, and was about to be advertised for sale (save in the respects mentioned), in block, when a new litigant appeared, alleging and praying as follows:

"The petition of intervention and opposition of Charles L. Hosmer, a resident of St.

Tammany, * * * receiver of the Slidell Company, Limited, respectfully shows that on the 6th day of February, 1904, he was by this court appointed receiver of the Slidell Company, Limited, * * * and that he was duly qualified as such receiver, and has taken possession of all the assets, property, and effects of said company. And petitioner alleges that Oscar R. Brugier, the plaintiff, * * * is not legally entitled to executory process against the lands described in the petition, and is not legally entitled to collect the amount alleged to be due by seizure and sale of such lands under executory process, for the reasons following."

The petitioner then alleges that the property in question was purchased by B. M. Miller from H. H. Hall with money advanced by B. Ory, acting for himself and O. R. Brugier, pursuant to an agreement to the effect that Miller should give therefor his note, secured by mortgage, for $13,000; that the property should be divided into lots, and offered for sale at not less than $10 a lot; that 75 per cent. of the amount realized should be paid on the mortgage debt, and that $5 for each sale should be paid to Ory as notary; that, if in that way the mortgage debt should not within six months be reduced by one-half, a sufficient number of lots should then be sold to reduce it to $6,500; that thereafter 50 per cent. of the amount realized from the sale of the lots should be paid on the said debt (provided the security afforded by the unsold lots should warrant it) until it should be fully paid; and that, should a corporation be formed to exploit the property, it should be capitalized at $25,000, and $2,000 of the stock should be given to Ory. He further alleges that the note and mortgage were given, the corporation formed, and the stock delivered as agreed; that in February, 1903, a portion of the property was divided into lots and squares, with intervening streets and alleys, according to a plan styled "First Addition to the Town of Slidell," which was approved by the municipal authorities and deposited in the office of the clerk of the district court; that in February, 1904, the remainder of the property, with the exception of a small portion, was also divided into lots and squares, etc., according to a plan styled "Second Addition to the Town of Slidell," which was similarly approved and deposited; that the action so taken was approved by said Ory and Brugier, and amounted to a dedication of the streets, alleys, and public places indicated on said plans, in the destination and status of which the purchasers of the lots have acquired vested rights; and that the sale in block of the property, or any part of it, which has been so divided and dedicated, will be prejudicial to the interests of the stockholders and creditors of the Slidell Company, Limited, to which, with the consent of said Ory and Brugier, the same was transferred by said Miller. He further alleges that Ory and Brugier advanced $10,500, and that the attempt to collect $13,000 is an attempt to collect usurious interest, but that $588.75 in excess of the amount credited was tendered in reduction of the debt, as it stands, and was refused. Wherefore he prays "that this petition and opposition be filed, and that a copy thereof and a citation be served on the plaintiff, Oscar R. Brugier, and T. E. Brewster, sheriff, and that the order of seizure and sale entered herein * * * be vacated and set aside, and said property released from seizure thereunder, and that an injunction issue to enjoin and restrain the sale of all such property under said order of seizure and sale."

There was attached to the petition so filed a written instrument, dated January 25, 1903, purporting to be signed by Ory, Miller, and C. F. Cunningham (the latter having been associated with Miller), and embodying an agreement substantially as set up in the petition; and there was also attached a letter dated April 21, 1903, purporting to have been written to Miller by the plaintiff, Brugier, in which the writer says:

"My understanding of the contract relative to Slidell lands is, that ¾ of the purchase price is to be paid to me together with an additional payment of $5 for each sale, and, upon receipt

of this amount, I am, then, to execute a partial release covering the property sold. As your representative offered only to pay $75 and refused to pay the $5 additional, or, at all events, nothing but the $75, I refused to deliver to him the release which I had executed. Kindly read your contract over and you will see that this was our arrangement. My attorney, here, is prepared to draw up all necessary papers, whether sale or release, and carry out the terms of our contract, and I will not be satisfied with a deviation from the terms of your agreement. Kindly let me hear from you without any further delay on this subject and oblige,

"Yours truly    [Signed] Oscar R. Brugier."

The judge a quo ordered that the petition be filed; that citation issue to the plaintiff, Brugier, and the sheriff; and that an injunction issue on opponent's giving bond in the sum of $18,000. But as the opponent apparently failed to give the bond, the sheriff proceeded to advertise the property, and on May 21, 1904, adjudicated it to the plaintiff, Brugier, for $8,500. In the meanwhile Brugier had been cited to answer the petition of opposition, and, on the day the property was sold, appeared and excepted:

"(1) That said Charles L. Hosmer is without power or authority to sue or stand in judgment herein, and has no legal capacity to sue as receiver, and is not receiver, as claimed by him.

"(2) That said petition discloses no cause of action against respondent."

The judge a quo ruled as follows:

"After a careful examination, I cannot find any law authorizing an intervention and third opposition in executory proceedings, without it is coupled with an injunction. Code Prac. arts. 391, 393; Zunts v. Cornen, 10 La. Ann. 433; Calhoun v. Bank, 30 La. Ann. 781. 'An intervention not allowed in proceedings via executiva.' Chambliss v. Atchison, 2 La. Ann. 488. For these reasons, it is ordered that the exception be sustained, and the intervention and third opposition be dismissed."

From this judgment the opponent has appealed, citing the plaintiff, Brugier, and the defendant Miller. The sheriff does not appear to have been cited either originally or on the appeal.

### Opinion.

### On the Motion to Dismiss.

The appellee, Brugier, moves to dismiss the appeal on several grounds, the only one of which insisted on is that the sheriff is a necessary party to the appeal, and has not been cited. We do not find from the record that the sheriff had been cited in the proceeding in which the judgment appealed from was rendered, and, if he was not so cited, he is not a necessary party to the appeal. The motion to dismiss is therefore overruled.

### On the Merits.

The judge a quo decided that an intervention and third opposition are not permissible in a proceeding via executiva unless an injunction be obtained, and cited the cases of Zunts v. Cornen, 10 La. Ann. 433; Calhoun v. Bank, 30 La. Ann. 781, and Chambliss v. Atchison, 2 La. Ann. 488, as sustaining that view. We think our learned brother has somewhat misapprehended the immediate issues determined in those cases. In the case first mentioned it was held that, no injunction having been obtained, the execution of an order of seizure and sale could not be arrested by the mere allegations of one of the defendants that she was a married woman, and that the notes sued on were given without lawful consideration. In the next case the execution of the writ was enjoined by the heirs of the mortgagor, and one of the questions to be decided was not as to the right of a third person to intervene in a proceeding via executiva, but whether the remedy of the defendants in the writ was by injunction or appeal. In the last case referred to the court was dealing, not with a third opponent, who, not being an original party thereto, may come into a suit "for the purpose of arresting the execution of an order of seizure, or judgment, rendered in such suit, or to regulate the effects of such seizure in what relates to him" (Code Prac. art. 395), and who may so come in (1) "when he pretends to be the owner of the thing which has been seized," or (2) when he pretends that he has a privi-

lege on the proceeds of the thing seized and sold (Code Prac. art. 396), but with an intervener who, as we conclude from the opinion, alleged neither ownership of nor privilege upon the property seized.

In the instant case the opposition (in the language of the law) "is a demand brought by a third person, not originally a party in the suit, for the purpose of arresting an order of seizure," and "regulating the effects of such seizure in what relates to" it (Code Prac. art. 395), and (still in the language of the law) the opponent "pretends to be the owner of the thing which has been seized" (Code Prac. art. 396), so that (opponent) it has the legal right to be heard. How far its rights hereafter will be affected by its failure to give bond and obtain an injunction in limine is a question not here presented for decision. Code Prac. art. 400.

We think it unadvisable to go beyond the immediate question decided by the district court, as stated in the beginning of this opinion, and we reverse the judgment appealed from, without prejudice to the rights of the parties with reference to the status and authority of the plaintiff, and upon the merits of the case.

It is therefore ordered, adjudged, and decreed that the motion herein filed to dismiss the appeal be overruled, and that the judgment appealed from be annulled, avoided, and reversed, and this case remanded to the district court, to be there proceeded with according to law.