## TILLY v. WOODHAM (ETHRIDGE–ATKINS CORPORATION, Intervener).

### No. 5124.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

J. L. Wiener, of Shreveport, for appellant.

Edward Barnett, of Shreveport, for appellees.

TALIAFERRO, Judge.

A Dodge coupé of the intervener, Ethridge-Atkins Corporation, was provisionally seized for rent by the plaintiff while transiently on premises leased by him to defendant. The lower court held that the coupé was not transiently or accidentally on the premises when seized, and therefore its seizure was lawful in the enforcement of past-due rent. We reversed the judgment of the court a quo, awarded third opponent attorney's fees, and reserved to it the right to sue plaintiff for the proceeds of sale of the car by the city marshal, which occurred three days before a devolutive appeal was perfected by giving bond. A rehearing was granted on the application of plaintiff, who felt aggrieved at the judgment.

We have again studied the record and are still of the opinion that the coupé was transiently on the leased premises when seized and consequently not liable for rent due by defendant. Its seizure was unlawful. The facts material to this issue and our conclusions as to their probative effect are fully discussed in our original opinion (see 163 So. 771). We are also of the opinion that we are supported by a well-settled jurisprudence in holding that third opponent is entitled to recover attorney's fees necessarily incurred by it in going into court to obtain the release of its property from its unwarranted seizure. It was unnecessary to the right to recover this fee as an element of damages that sale of the property be enjoined. A third opposition may be prosecuted without injunction. Brugier v. Miller, 114 La. 419, 38 So. 404; Exchange Nat. Bank v. Palace Car Company, 1 La.App. 307; Code Prac. art. 400. Neither is such right dependent upon bonding the property from the seizure or the prosecution by third opponent of a suspensive appeal from an adverse judgment. If such a judgment is reversed on appeal, the rights of the parties are controlled and regulated by article 400 of the Code of Practice.

In Bailey v. Williams, 158 La. 432, 104 So. 197, the court held: "Where cattle pastured on leased premises were illegally seized by lessor under claim of lessor's privilege for unpaid rent, and owners were

forced to go in court ond obtain release of seizure, they are entitled to attorneys' fees as damages."

Other cases to the same effect are cited therein.

We followed this line of cases in Turner v. Ratcliff (La.App.) 152 So. 379.

■ We think our former decree, reserving to third opponent the right to sue plaintiff for the price the car brought at marshal's sale, erroneous. In so holding, we predicated ourselves upon Jefferson et ux. v. Gamm et al., 150 La. 372, 376, 90 So. 682, 684. The court, in that case, did say: "The judgment appealed from is founded upon the doctrine, which is now well settled, that the reversal of a judgment on a devolutive appeal does not affect the validity of a sale that was made in execution of the judgment after it had become executory; the only right or remedy of the party aggrieved in such case being to claim the proceeds of the sale."

But in that case, as well as in others therein cited, no right of a third opponent, claiming ownership of the property sought to be sold, was involved. The line of authorities therein cited, as well as Ouachita Nat. Bank v. Shell Beach Const. Company, 154 La. 709, 98 So. 160; Jones et ux. v. Bouanchaud, Sheriff, 158 La. 27, 103 So. 393; Madden v. Lowe et al., 3 La.App. 24, cited and relied on by plaintiff, hold that, as a general rule, a sale of property made while a devolutive appeal, taken by a defendant from an order of executory process or from an unfavorable judgment in a case wherein his property is being sold under a fi. fa., issued on a judgment against him, is pending, is legal and valid; but none of these cases furnishes a precedent to be followed in the present one. The appellant in Gouaux v. Lockport Central Sugar Refining Company, 156 La. 889, 101 So. 255, also relied on by plaintiff, was merely a stockholder and mortgagee of the defendant corporation whose property had been seized under executory process issued on a mortgage given by it. He did not assert ownership of the property involved.

Article 400 of the Code of Practice reads as follows: "If the third person, who has intervened in the suit, has not enjoined the sale of the property of which he claims the ownership, or has failed to furnish the surety required, his opposition shall not prevent the sheriff from selling the property under seizure; but in such case the sheriff shall be personally responsible for all damages which said sale may occasion to the intervening party; and the sheriff shall have his recourse against the party who has obtained the order of seizure. If the opposition be sustained, the sale made by the sheriff shall be null; provided, that in all such cases the sheriff may require of the plaintiff an indemnity bond, with sufficient securities, as provided by special laws."

Analyzation of this article discloses:

1. That third opponent, intervening in suit, need not enjoin the sale of property claimed by him.

2. That when no injunction is sued out, no surety furnished, the sheriff may sell the property pending final disposition of the opposition.

3. That when the sheriff does proceed with the sale of the property under said conditions, he shall be personally responsible to third opponent for all damages caused him thereby, should his ownership of the property be eventually decreed by the courts.

4. That the sheriff shall have his recourse against the seizing creditor.

5. That if the opposition is sustained by final decree, the sale made by the sheriff shall be null.

It was held in Exchange National Bank v. Palace Car Company, Stevenson, Third Opponent, supra, that a sale of property claimed by the third opponent, who did not sue out an injunction pending a devolutive appeal, under article 400 of the Code of Practice, was null. In that case the car involved had been sold by the sheriff and the net proceeds of the sale applied on plaintiff's judgment; the lower court ordered that official to restore the car to the owner, third opponent. The judgment was affirmed here.

In Favrot v. Paine & Bourgeois, Inc., et al., 9 La.App. 30, 118 So. 775, a motion to dismiss the devolutive appeal because the property involved therein had been sold by the sheriff was denied, in the following language: "The plaintiff attacks the seizure, prays that it be set aside, that any sale made thereunder be decreed to be null and void, and that she be recognized as the owner, etc. Her petition is in the nature of an opposition to the sale. The law provides that a sale made by the sheriff

pending an opposition shall be null if the opposition be sustained. Code of Practice, article 400."

In Re Immanuel Presbyterian Church, 112 La. 348, 358, 36 So. 408, it was held that a sheriff's sale made pending third opposition asserting ownership of the sold property is null, if the opposition be sustained on appeal.

To the same effect are Norton v. Walton et al. (C.C.A.) 288 F. 359, and Ludeling v. Graves, 3 La.Ann. 597.

■ Therefore, under article 400 of the Code of Practice and the above-cited cases, the sale of the car by the marshal was null and void. The relative rights of the parties, including the marshal, remain to be disposed of. Under this article, third opponent has recourse against the marshal and plaintiff to recover all damages sustained by him arising from or as an incident to the illegal seizure and sale of his car. The price it brought at forced sale is not a true criterion of value. It was appraised at $300 and sold for $240.

.. We think our conclusions in this respect are amply supported by well considered cases of the Supreme Court.

In Duperron v. Van Wickle, Sheriff, 4 Rob. 39, 39 Am.Dec. 509, the court held: "One whose property is illegally seized under an execution against another person, is not bound, on being informed thereof, to give any notice to the sheriff. He may, at once, seek relief by suit; unless, to avoid costs, he choose to make an amicable demand. And where the property has been sold by the sheriff, he will be entitled to recover, not the price at which it was sold, but its real value at the time."

And in Lobdell v. Union Bank et al., 8 La.Ann. 117, it is said: "The plaintiff's claiming title to the slaves seized, the opposition was properly made by petition to the Court from which the order issued, as required by Article 398, of the Code of Practice; and Article 400 of the same Code, expressly provides, that if the sale has not been enjoined, the opposition shall not prevent the Sheriff from selling the property under seizure, but in such case he shall be personally responsible for all damages which the sale may occasion the intervening party, and the Sheriff shall have his recourse against the party who has obtained the seizure."

Regarding the nature and extent of liability of the sheriff and seizing creditor to third opponent, claiming ownership of the seized property, in cases of this character, the court, in Benner & Ranlett v. Michel et al., 23 La.Ann. 489, laid down this principle: "The sheriff and seizing creditor are liable, in solido, in case the sheriff has seized and sold the property of a third party, after being notified that such property was not that of the judgment debtor; and in fixing the amount of liability, the estimate placed on the property shortly before the seizure will be taken as a basis, rather than the vague appraisement made at the time of the sale."

In the more recent case of Macias v. Lorio, Sheriff, 41 La.Ann. 300, 6 So. 538, 539, the court expressed itself in the following unambiguous language: "The sheriff, in making a seizure of property, must know that the property belongs to the defendant in execution, and the defendant is not bound, on being notified thereof, to give notice to the sheriff. He may sue at once for the illegal seizure by a separate suit, and is not compelled to intervene in the suit in which the seizure was made. Shuff v. Morgan, 9 Mart.(O.S.) 592, 624; Duperron v. Van Wickle, 4 Rob. 39 [39 Am.Dec. 509]; Wright v. Cain, 4 Rob. 136; Lannes v. Courege, 31 La.Ann. 74."

This case is cited with approval in State ex rel. Continental Supply Company v. Fontenot, Sheriff, 152 La. 912, 920, 94 So. 441, 444, wherein it is said: "When the sheriff was confronted with the claim of ownership by the intervenor, he was put upon notice that, if he persisted in the seizure and sale of the property, the claimant would hold him responsible for the damages which might result therefrom; and, even outside of that notice, he was bound to know, at his peril, that the property belonged to the judgment debtor. Macias v. Lorio, Sheriff, 41 La.Ann. 300, 6 So. 538. He had no right, in the absence of statute authorizing it, to demand indemnity of the plaintiff (McDonald v. Lewis, 4 La.Ann. 201; 24 R.C.L. 972, verbo Sheriffs, § 66); and hence he was entitled to use a wise and just discretion, until the issue of ownership could be determined (R.C.L. 24, p. 925, § 15, and authorities cited). There is no statute in this state authorizing the sheriff to demand indemnity except in the case of personal property. Act 37 of 1882."

For the reasons herein assigned, it is ordered, adjudged, and decreed that third opponent, Ethridge-Atkins Corporation, be

and it is hereby recognized and decreed the owner of the Dodge coupé involved herein, and the marshal of the city of Shreveport is ordered to restore same to its possession; and, whether he is able to do so or not, the right of third opponent to proceed against said marshal and Dr. R. D. Tilly, plaintiff, to recover any and all damages arising from or incident to the illegal seizure, sale, and detention of the coupé, is recognized and reserved to it. In all other respects, our former opinion and decree in this case is reinstated and made final.