## ETHRIDGE–ATKINS CORPORATION v. TILLY.

### No. 5519.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Rehearing Denied Dec. 3, 1937.

Writ of Certiorari and Review Denied Jan. 10, 1938.

670 ■                    ■

Edward Barnett, of Shreveport, for appellant.

Jacques L. Wiener, of Shreveport, for appellee.

HAMITER, Judge.

In suit No. R–5467, entitled R. D. Tilly v. Clarence E. Woodham, on the docket of the city court of Shreveport, the said R. D. Tilly alleged that the defendant therein was indebted unto him for past-due rent on an apartment, and obtained the issuance of a writ of provisional seizure. Under that writ, a certain Dodge coupé automobile, found on the rented premises, was seized on February 26, 1935. Thereupon, the Ethridge-Atkins Corporation filed a petition of third opposition in the proceedings, asserting ownership of the seized vehicle and that the property was in no manner liable for the rent of defendant Woodham. Third opponent prayed to be recognized as owner of the automobile, that a release thereof be ordered, and that the plaintiff therein, R. D. Tilly, be condemned to pay to it the sum of $100 as attorney's fees.

After a trial of the third opposition, the city judge decreed the vehicle to belong to third opponent, but held that it was subject to the lessor's lien and privilege of R. D. Tilly. Accordingly, he signed a judgment in favor of plaintiff in said cause ordering the maintenance of the writ of provisional seizure and that his privilege as lessor be recognized on the seized property.

, Thereafter, the Dodge coupé was appraised at $300 and was adjudicated at the city marshal's sale to one Ray D. Lee for the sum of $240. The proceeds of the sale were distributed.

A devolutive appeal returnable to this court was perfected by third opponent on May 1, 1935.

Our first consideration of the case resulted in the conclusion that the automobile was only transiently on the leased premises, and that under the jurisprudence and statutory law of this state, it was not subject to the lessor's privilege. Tilly v. Woodham, La.App., 163 So. 771, 772. The decree of this court was:

"For the reasons assigned, the judgment appealed from, in so far as it sustains the provisional seizure of intervener's coupé for rent due plaintiff, is annulled, reversed, and set aside; and there is now judgment in intervener's favor decreeing said seizure to have been illegal and tortious, and the right is hereby reserved to it to sue for the proceeds of the sale by the marshal.

"It is further ordered, adjudged, and decreed that intervener, Ethridge-Atkins Corporation, do have and recover judgment against plaintiff, R. D. Tilly, in the sum of $50; and for all costs of suit. The judgment appealed from, except in so far as reversed or amended hereby, is affirmed."

Subsequently, a rehearing was granted, and after further consideration of the proceeding, we decreed on March 2, 1936, Tilly v. Woodham, 166 So. 876, 878, that:

"For the reasons herein assigned, it is ordered, adjudged, and decreed that third opponent, Ethridge-Atkins Corporation, be and it is hereby recognized and decreed the owner of the Dodge coupé involved herein, and the marshal of the city of Shreveport is ordered to restore same to its possession; and, whether he is able to do so or not, the right of third opponent to proceed against said marshal and Dr. R. D. Tilly, plaintiff, to recover any and all damages arising from or incident to the illegal seizure, sale, and detention of the coupé, is recognized and reserved to it. In all other respects, our former opinion and decree in this case is reinstated and made final."

Application for writs of certiorari was thereafter made to the Supreme Court, but that tribunal, on May 25, 1936, refused to afford the relief sought.

Pursuant to our last-mentioned decree, the Ethridge-Atkins Corporation instituted this suit on October 17, 1936, in the district court of Caddo parish, against the said R. D. Tilly. It alleges in its petition that the automobile seized and sold in cause No. R–5467 on the docket of the city court of Shreveport had a reasonable value of $405, and that the defendant herein has refused to return the vehicle. Judgment in the amount of its value is prayed for.

Defendant tendered exceptions of no cause and no right of action and a plea of prescription of one year. On these being overruled, he answered denying generally the allegations of plaintiff's petition.

The trial judge, after a consideration of the merits, rendered judgment in favor of plaintiff, Ethridge-Atkins Corporation, and against defendant Tilly, in the amount of $405, with legal interest and costs. The latter appealed suspensively and devolutively to this court.

Since the prosecution of the appeal the appellant has departed this life and the dative testamentary executor of his succession, H. T. Austermell, has through appropriate motion been substituted as party defendant.

There has also been filed in this court on behalf of the appellant a plea of res judicata.

The evidence found in the record of this cause shows conclusively that the automobile, when sold by the marshal of the city court, possessed a value of at least $405. This proof was furnished by witnesses for plaintiff, and defendant did not question it either through cross-examination of such witnesses or by offering testimony in contradiction thereof.

The issues presented by the appeal are: (1) Has the prescription of one year foreclosed plaintiff's claim for damages for the value of the automobile? (2) Is the judgment in the former proceeding res judicata to this litigation?

In discussing defendant's plea of prescription, it is well to again notice that this suit was instituted more than one year after the wrongful seizure of plaintiff's property, but within a year subsequent to the finality of the judgment in the first suit under which the vehicle was held to belong to this plaintiff and not subject to the lessor's lien claimed by the seizing creditor. It is because of plaintiff's failure to seek damages for the value of the automobile within the year after the illegal seizure that defendant urges the prescription of the claim.

As before stated, the judgment of the city court in the initial proceeding decreed the car to be subject to a lessor's privilege in favor of the claimant Tilly. The Ethridge-Atkins Corporation appealed, and it was only by reason of the judgment of this court, together with the refusal of the Supreme Court to issue writs of certiorari, that the car was declared to be free from such privilege. Further, it was through an appropriate petition of third opposition filed in the court of first instance that the car owner asserted its right to have the property released from the seizure, and the issue thus created endured throughout the proceedings in that court and pending consideration of the case in the superior courts. More than a year elapsed from the date of the illegal seizure until the final determination of the cause. Certainly it was not encumbent

upon the owner to file another suit during that period, involving the identical issue and at additional expense. If such suit had been instituted, no doubt it would have met with a plea of lis pendens and an order staying the proceedings therein, and, resulted in a useless action. It is our opinion, therefore, that the current of prescription on the claim for damages for the value of the illegally seized and sold automobile was suspended during the pendency of the proceedings in the former suit and that the petition in this cause was timely filed.

In reaching the conclusion just announced, we have obtained assistance from the decisions of Harvey v. Pflug, 37 La.Ann. 904, and Burglass v. Villere, 170 La. 805, 129 So. 209, 212. In the former case, the court stated:

"The plea of prescription may be disposed of at once. During the pendency of the litigation provoked by the defendant's own acts, prescription did not run against the plaintiff. Even if the damages claimed are ex delicto less than a year elapsed from the close of that litigation to the beginning of this suit. A party cannot provoke and protract litigation based on his refusal to deliver leased premises and then avail himself of the lapse of time to avoid damages for his wrongful refusal."

The Supreme Court, in the Burglass Case, quotes approvingly from the Harvey opinion and gives the following from Pothier on Prescription:

"Although the action has accrued (soit ouverte), so long as it cannot be usefully prosecuted, prescription does not run. The reason is that prescription is founded on the negligence of the creditor; and a creditor cannot be held to have been negligent in bringing his suit, so long as it was not possible for him to bring it usefully."

■ Another point sought to be made, under the aforementioned plea of prescription, is that the value of the car at the time of the seizure and sale has been proved in this cause to be the sum of $405, whereas the jurisdictional limit of the city court in which the above-discussed third opposition was filed and considered and from which the appeal was taken was $300; and that as the city court did not have jurisdiction of the case ratione materiae, the judgment and proceedings therein were nullities and prescription was never suspended. This contention, in our opinion, is not well founded. When the record in the former suit came before us for consideration, the only evidence therein regarding the value of the car was the usual appraisement instrument, and this revealed an appraised value of $300. There was nothing on the face of the transcript to indicate a value in excess of that amount and one which might justify our holding that the proceedings of the trial court were null. Code of Practice, art. 609, which relates to the annulling of judgments, provides that:

"The nullity can be demanded on the appeal, only while the appeal is still pending, and when the nullity is apparent on the face of the records."

Our judgment, above referred to and discussed, has since become final and no attack has ever been made on it in a direct action as provided for in Code of Practice, art. 610, which reads:

"The party praying for the nullity of a judgment, before the court which has rendered the same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits."

■ This is a separate suit filed in a different court and in one of competent jurisdiction, and our judgment and the proceedings in the former cause cannot here be the subjects of a collateral attack.

■ The plea of res judicata is, we think, likewise without merit. The judgment in the former case did not foreclose this plaintiff's right to recover damages for the value of the car. The primary object of that proceeding was to determine the legality of the seizure and sale of the Dodge coupe. It is true that damages for attorney's fees were therein allowed; but the judgment also specifically reserved to the car owner, as was permissible, the right to recover any and all damages arising from or incident to the illegal seizure, sale, and detention of its property. Certainly a final and valid judgment which grants authority for the institution of a subsequent suit, cannot be pleaded in bar of that suit when instituted.

No error has been discovered by us in the trial court's judgment, and, accordingly, it is affirmed with costs.