(78 South. 430)

(No. 21411.)

BECK et al. v. NATALIE OIL CO. et al.

(April 1, 1918.)

*(Syllabus by Editorial Staff.)*

1. MORTGAGES ⬪383—SUIT TO FORECLOSE—STATUTE—"ACTION IN PERSONAM."

A suit to foreclose a mortgage is not in personam within Code Prac. art. 26, defining an action in personam to be where the debtor has bound himself towards another, personally and independently of the property which he possesses.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, In Personam.]

2. HUSBAND AND WIFE ⬪273(11)—COMMUNITY PROPERTY—FORECLOSURE OF MORTGAGE AGAINST HUSBAND.

A husband, survivor in community, can stand in judgment alone in a suit via executiva or via ordinaria for foreclosure of a mortgage upon community property securing a debt due from him as head of the community.

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Suit by Felix W. Beck and others against the Natalie Oil Company and others. From judgment dismissing the suit, plaintiffs appeal. Affirmed.

Hall & Jack, of Shreveport, for appellants. D. Edward Greer, of Houston, Tex., Thomas W. Nettles, of Coushatta, and Thigpen & Herold, of Shreveport (F. C. Proctor, of Houston, Tex., of counsel), for appellees.

PROVOSTY, J. The property involved in this suit was acquired by the father of plaintiffs while the community of acquêts and gains existed between him and the mother of plaintiffs, and the mother of plaintiffs, as partner in community, became owner of one-half of it. This half the plaintiffs inherited from their mother, subject to the payment of the debts of the community. After her death one of the notes given for the purchase price of the property, and which was secured by vendor's privilege and special mortgage on the property, fell due, and suit was brought upon it against the father of plaintiffs, and judgment obtained condemning him to pay the debt, recognizing the said vendor's privilege and mortgage, and ordering the property to be sold to satisfy same. A fi. fa. issued on this judgment, and under this fi. fa. the property was seized and sold; and defendant

holds title under the purchase at this sheriff's sale.

The plaintiffs were not made parties to the suit in which this sheriff's sale was thus effected. On that ground they, through their tutor, bring the present suit to set aside the sale. Also on the ground that the property was succession property, and that a fi. fa. cannot issue against a succession.

As to the latter ground, suffice it to say that the fi. fa. did not issue against a succession, but against the father of plaintiffs individually.

Whether the husband, survivor in community, can stand in judgment alone in a suit for the foreclosure of a mortgage upon community property, securing a debt due by him as head of the community, is a question that has been often decided in the affirmative. But the learned counsel for plaintiffs say that in all these cases the proceedings were via executiva, not, as in the present case, via ordinaria; and they say that between the two there is a difference—that the one is in rem, whereas the other is in personam.

[1] Article 26 of C. P. defines an action in personam to be where the debtor "has bound himself towards another, personally and independently of the property which he possesses." Clearly, then, a suit to foreclose a mortgage is not in personam. Such an action when via ordinaria is personal in form merely, not in reality. In so far as it has for its object the foreclosure of a mortgage, it is in reality in rem, to the same degree precisely as is a suit via executiva having the same object. It is in personam, of course, in so far as it goes beyond that object. In so far as its object is confined to the foreclosure of the mortgage, its form is more favorable to the debtor than the via executiva, in that it proceeds by regular citation, and affords better opportunities for defense. A debtor could certainly not complain that he was being afforded a better opportunity for defense.

[2] But the learned counsel say that in the "innumerable" cases where it has been held that the surviving husband can be thus proceeded against alone the court has invariably said that he could be thus proceeded against via executiva, and that the inveterate use of that form of expression cannot possibly have been purely accidental, but must have been prompted by the idea that in such a case the proceeding has to be via executiva, and not otherwise. We have not deemed it worth while to go over all these cases to ascertain whether the court has confined itself, as stated, to said form of expression, for in those which we have examined we have found nothing which would suggest that the court intended said expression to be anything more than the approval of the mode of proceeding in the case before it.

The reason why the surviving husband may be thus proceeded against alone, without the heirs of his deceased partner in community being made parties, is just as applicable to a suit via ordinaria as to a suit via executiva. It is stated in Hawley v. Crescent City Bank, 26 La. Ann. 230, as follows:

"Upon the dissolution of the community by the death of the wife, the responsibility of the husband in regard to the community debts is not changed. He is absolutely personally bound for their payment, and his separate property may be seized and sold for their acquittal. This being his position, he has under his control the community property, which by law is expressly subjected to the payment of the community debts; and he has, so far as the final settlement and liquidation of the community after its dissolution is concerned, the same rights he had during its existence, because he is, after the dissolution under the same responsibilities for the community debts that he was before the dissolution. It is but just that he should have those powers. The community property continues under his control until the debts are paid. Until their final settlement and discharge the heirs have no absolute rights to the property of the community that can be legally recognized. Their interest in it continues contingent and uncertain, until by the result of the final discharge of all the obligations of the community it is known whether or not there are assets remaining for partition between the survivor and the heirs of the deceased spouse."

In Successions of M. S. & P. Cason, 32 La. Ann. 792, this court said:

"During the existence of the community, the husband is practically the owner of the community property, which he may sell, dispose of, and incumber, by onerous title, at will, and without the concurrence of his wife. He is personally responsible for all of its debts. At his death it enters into and forms part of his succession, to be therein administered and devoted to the payment of the community debts, which are also his personal debts. The wife has no personal liability for the debts, and has no interest whatever in an insolvent community. In case of the dissolution of such a community by the prior death of the wife, her succession or heirs have no valuable interest in the community property. If * * * the community be admittedly insolvent, they have no interest, and, consequently, no right, to provoke its liquidation. As to the community creditors, they are under no necessity to provoke its liquidation through the medium of the wife's succession, because it is settled they may disregard the wife's interest, and proceed directly against the community property in the possession of the husband, contradictorily with him alone."

This excerpt from the Cason Case is reproduced approvingly in the case of Luria v. Cote Blanche Co., 114 La. 389, 38 South. 279, in which, by the way, the foreclosure sale had been effected in an ordinary suit, as in the present case.

Counsel call attention to the facts that the heirs of the deceased wife in this case were minors; that the community was solvent; and that the property was sold for very much less than its real value. But the reason why it has heretofore in very many decisions been held that the husband can be proceeded against alone has not been because the heirs of the deceased wife were majors, nor because the community was insolvent, nor because the property had brought its full value; but simply and solely because after the death of the wife the husband retains his capacity of head of the community and its representative for standing in judgment in any proceeding for the foreclosure of a mortgage granted by him upon its property.

The judgment dismissing the suit is affirmed.