No. ——

First Circuit

## FAVROT v. PAINE & BOURGEOIS, INC., ET. AL.

(June 12, 1928. Opinion and Decree.)
(June 30, 1928. Rehearing Refused.)
(October 2, 1928. Writs of Certiorari and Review denied by Supreme Court.)

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

Justin C. Daspit and J. Oliver Bouanchaud, of Baton Rouge. attorneys for defendant, appellee.

ELLIOTT, J. Mrs. Laura Favrot, wife of Edgar D. Favrot, brought suit against Paine & Bourgeois to enjoin the sale of "A certain tract or parcel of land situated in the Parish of East Baton Rouge, containing eight superficial acres, fronting one acre on the east side of the Brookstown road and running back between parallel lines eight acres; bounded west by said road, north by Randolph succession and Matta, east by Kildare plantation and south by Deam Succession," which the said Paine & Bourgeois, Inc., had caused the Sheriff to seize and advertise for sale in the execution of a judgment which the said Paine & Bourgeois, Inc., had obtained against Edgar D. Favrot, her husband.

She alleges that the said property is her paraphernal property, purchased by her from said Paine & Bourgeois, Inc. She prays that the same be enjoined, for judgment decreeing that the seizure was illegal, that the property be released to her and the sale thereof under said writ decreed to be null and void, and that she be adjudged to be the true and lawful owner of said property, and as such, entitled to the possession of the same.

The defendant, after excepting that plaintiff's petition disclosed no cause of action, filed an answer denying that plaintiff was the owner of the property.

The lower court after hearing, as provided by the law, Act 29 of 1924, refused the injunction and then after trial on the merits, decided in favor of the defendant. The plaintiff has appealed.

The appellee moves to dismiss plaintiff's appeal, showing as a ground, that the appeal is devolutive and that the Sheriff has sold the property in suit.

The plaintiff attacks the seizure, prays that it be set aside, that any sale made thereunder be decreed to be null and void, and that she be recognized as the owner, etc. Her petition is in the nature of an opposition to the sale. The law provides that a sale made by the Sheriff pending an opposition shall be null if the opposition be sustained. Code of Practice, Article 400. The motion to dismiss is overruled.

The plaintiff contends that her husband gave her $1500 as a manual gift, which amount was used for the purpose of paying for the property the title to which was taken in her name, and that although the title does not so state, the purchase was for her separate use and benefit.

The evidence shows that the property in question is part of a larger tract, which was bought by her husband. The title to that part which she claims was taken in her name, while that to the larger part was taken in the name of her husband.

But under the terms of the title which was taken in her name as shown by the evidence adduced on the trial, that part of the purchase which was taken in her name as well as that part taken in the name of the husband, was an acquisition of the legal community of acquets and gains which existed between her husband and herself. If the two titles, one in the wife's name and the other in that of her husband, had both been made out in the name of the husband, the result would have been the same.

The amount due Mrs. Katie Y. LeBlanc, which plaintiff's husband assumed, was due as a part of the purchase price of the entire tract, which the defendant had agreed to pay Mrs. LeBlanc for the same and was a community debt. The balance due the defendant on that part, the title to which was made out in the name of the husband was a community debt. The $1500 used by Edgar D. Favrot in paying defendant for that part of the tract, the title to which was taken in his wife's name, was his money. He never delivered the money to his wife, never put it in her name, in her hands, nor under her control, but paid the amount directly to the defendant.

The authorities cited by the plaintiff on the subject of manual gifts of money and the effect on title when the gift has been used to pay for property, the title to which is taken in the name of the donee, are very respectable and authoritative, but they cannot influence the result in the present case, because the money used by Mr. Favrot in paying defendant for that part of the tract the title to which was taken in the name of the plaintiff, was never delivered to the plaintiff. In Gibson vs. Hearne, 164 La. 66, 113 So. 766, the money involved in the suit had been delivered to the minor, Mary Arnold Hearne. The delivery was accomplished by the deposit of same in her name and for her benefit.

In this case the judgment appealed from is correct. Judgment affirmed, plaintiff and appellant to pay the costs in both courts.