AYRES, Judge.
Plaintiff, United States Fidelity & Guaranty Company, seeks collection of a judgment held against P. E. Green and Wesley Green out of a joint bank account of Wesley Green and Mrs. Janet Green, husband and wife, and from her earnings. The judgment sought to be enforced is dated May 7, 1957. Wesley Green and Mrs. Janet Green were married March 15, 1958. Therefore, the debt for which plaintiff seeks payment is a separate and prenuptial obligation of Wesley Green. Mrs. Green is employed by The Sterlington Bank at a salary of $325.00, from which she nets $275.30 per month. Under garnishment process, the bank was made garnishee and Mrs. Green’s salary, as well as the joint bank account in the sum of $171.65, was seized.
In the proceedings instituted by plaintiff, Wesley Green and Mrs. Janet Green intervened and prayed that the bank account and Mrs. Green’s salary be released from garnishment and that plaintiff be enjoined from further proceeding against Mrs. Green, the community funds in the joint bank account, and her salary for the collection of its judgment. This intervention is predicated upon the contention that neither Mrs. Green nor the community of acquets and gains existing between her and her husband is indebted unto plaintiff upon the judgment sought to be collected; that the obligation is a separate debt of Wesley Green, and another, which must be acquitted out of his own personal and individual effects.
An exception of no cause of action was urged to the intervention. This exception was asserted on the basis that the bank is indebted unto the community of acquets and gains existing between Wesley Green and Mrs. Janet Green and that such community assets are subject to garnishment to satisfy the husband’s separate obligations created prior to his marriage. The exception was sustained and the intervention was dismissed, and from a judgment thus rendered and signed intervenors appealed.
The intervenors, as appellants, assign as error the court’s conclusion that the salary of Mrs. Janet Green, earned during her marriage, could be seized or garnisheed to effect collection of a separate debt of her husband incurred prior to their marriage. Thus is posed the question, May a wife’s salary or earnings during marriage be garnisheed or seized for the payment of a separate debt of her husband, incurred by him prior to their marriage?
In resolving the issue presented, certain fundamental principles of the civil law pertaining to community estates must be borne in mind. For instance, LSA-C.C. Art. 2399 provides:
“Every marriage contracted in this State, superinduces of right partnership or community of acquets or gains, if there be no stipulation to the contrary.”
Moreover, it is recited that:
“This partnership or community consists of the profits of all the effects of *331 which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. * * * ” (Emphasis supplied.) LSA-C.C. Art. 2402.
In support of their position, appellants, however, primarily rely upon the provisions of LSA-C.C. Art. 2403. Therein it is stated:
“In the same manner, the debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects.”
The section of the Civil Code of this State containing the provisions governing the community or partnership of acquets or gains is entitled “Of Legal Partnership,” and throughout that section the community is repeatedly referred to as a partnership. Thus, in one sense of the term, the legal community is treated as a legal entity as in the civilian partnership, separate and distinct from the spouses, created by the operation of law, and clothed with the attributes of a juridical person. However, the separate-entity theory has not been consistently applied, for, as it was pointed out in 25 La.L.Rev. 733:
“Under a strict application of the separate entity theory the community as a legal personality would be liable for all community debts so long as the marriage subsisted. Likewise, it would follow logically that community debts should be satisfied only out of community property and the spouses [sic] separate debts should be satisfied only out of their separate property. Although Civil Code article 2403 appears to embody such a scheme, the jurisprudence has recognized it only to keep the wife’s property wholly separate from the community’s. The wife is not liable for community debts during the marriage; nor can her separate property be seized to satisfy such debts. Likewise, the wife’s individual creditors cannot enforce their rights against community property during the marriage. The opposite is true of the husband. He is personally liable for the whole of all community debts, his property is subject to seizure by community creditors, and his individual creditors can enforce their claims against community property. In effect, as to creditors, the community assets and debts are merged with the husband’s.” (Emphasis supplied.)
See the authorities listed in the footnotes, as well as: 22 Tul.L.Rev. 486-489 and 34 Tul.L.Rev. 3, 35.
While LSA-C.C. Art. 2403 has been strictly interpreted with reference to a wife’s separate obligations, it is construed, insofar as the separate obligations of the husband are concerned, in connection with the provisions of LSA-C.C. Art. 2404, which provide that:
“The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife.”
Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954); Hawley v. Crescent City Bank, 26 La.Ann. 230 (1874); Davis v. Compton, 13 La.Ann. 396 (1858); Guice v. Lawrence, 2 La.Ann. 226 (1847); Stafford v. Sumrall, 21 So.2d 83 (La.App. 1st Cir. 1945).
*332 Appellants contend, however, that the pronouncements in these earlier cases are now inapplicable since there has been a change in the concept of the wife’s community interest. Their position is that the pronouncements in that line of cases, including Guice v. Lawrence, supra, and Davis v. Compton, supra, were predicated upon the proposition that the wife’s interest in the community estate was only an expectancy or residuary interest that did not come into existence until the community was dissolved and liquidated. That theory was repudiated in Phillips v. Phillips, 160 La. 813, 107 So. 584 (1926), which holds that the wife has the absolute ownership of one-half of the community property during the existence of the community, subject, however, to the husband’s power of administration.
This change in the concept of the wife’s interest in the community has not affected any change in the husband’s authority as head and master of the partnership or community of acquets and gains. His authority extends to the administration or the alienation of its effects and the disposition of the revenues which they produce. This authority he may exercise without the consent and permission of his wife. The fact that the husband was the head and master of the community constituted the basis of the conclusion reached in Davis v. Compton, supra, that the property of the community was liable to seizure for the debts of the husband contracted before marriage. It was therein stated:
“As the husband has the right to alienate the effects of the community without the consent of his wife, creditors of the husband before marriage ought also to have the right to seize the effects of the community to satisfy their claims.”
When the provisions of LSA-C.C. Art. 2403 are construed in connection with the provisions of LSA-C.C. Art. 2404, we are constrained to conclude, as did the courts in the cases cited, that the community estate is liable for the husband’s separate and prenuptial obligations, and that the exception of no cause of action directed to the intervention in this case was properly sustained.
The result reached, although conforming to the present jurisprudence, appears to be unjust, and it is to be hoped that the Supreme Court may feel inclined to give reconsideration to the principle involved.
The judgment appealed is therefore affirmed at intervenors-appellants’ costs.
Affirmed.