210 So.2d 328

**UNITED STATES FIDELITY AND GUARANTY COMPANY**

v.

**P. E. GREEN and Wesley Green.**

No. 48882.

April 29, 1968.

Rehearing Denied June 4, 1968.

Dhu & Lea S. Thompson, Monroe, for relators.

Sholars, Gunby, Allbritton & Haydon, John R. Harrison, Monroe, for defendant in intervention-respondent.

FOURNET, Chief Justice.

We granted a writ of certiorari in this case on the application of Mrs. Janet Green, joined by her husband Wesley Green, in order to review the judgment of the Court of Appeal for the Second Circuit, 201 So.2d 329, affirming the judgment of the district court dismissing their intervention[1] in the proceedings instituted by United States Fidelity and Guaranty Company seeking collection of a judgment obtained against P. E. Green and Wesley Green on May 7, 1957, prior to the latter's marriage to Janet Green on March 15, 1958, by garnishing their joint account of $171.65 in the Sterlington Bank as well as Mrs. Green's salary of $350 per month as an employee of the bank. 251 La. 75, 203 So.2d 89.

The relators' intervention, praying that the bank account and Mrs. Green's salary be released from garnishment and that plaintiff be enjoined from further proceedings against Mrs. Green, community funds in the bank account and her salary, is predicated on the contention that neither Mrs. Green nor the community of acquets and gains existing between her and her husband is indebted to United States Fidelity and Guaranty Company for the judgment sought to be collected as the obligation is a separate debt of Wesley Green and another which must be acquitted out of his own personal and individual effects in accordance with R.C.C. Article 2403.

In resolving the issue thus posed in favor of the seizing creditor, the court of appeal felt constrained to hold, as this court had in several early decisions,[2] that when Article 2403[3] is construed in connec-

---

1. The intervention of relators was dismissed upon the trial judge sustaining United States Fidelity and Guaranty Company's exception of no cause of action.

2. See, Guice v. Lawrence, 2 La.Ann. 226; Glenn v. Elam, 3 La.Ann. 611; and Davis v. Compton, 13 La.Ann. 396.

3. Article 2403 provides, " * * * The debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects."

tion with the provisions of Article 2402 [4] and 2404,[5] the community estate is liable for the husband's separate and prenuptial obligations, although observing the results reached appears to be unjust.

The early decisions of this court upon which the court of appeal decision rests commenced with the decision in the case of Guice v. Lawrence, 2 La.Ann. 226, (followed thereafter in Glenn v. Elam, 3 La.Ann. 611, and Davis v. Compton, 13 La.Ann. 396) which was based on the assumption that the wife's ownership in the community was not absolute, but a mere expectancy or residuary interest, until the community is dissolved. However, as pointed out in the case of Phillips v. Phillips, 160 La. 813, 107 So. 584, that decision was erroneous as it was based on a wrong translation of the Spanish word *domino* used by the commentator Febrero as meaning dominion or control instead of ownership in describing the authority of the husband over the community estate. In the opinion it is further observed that the case of Guice v. Lawrence has been,

in effect, overruled and the doctrine of Dixon v. Dixon Exr's, 4 La. 188, 23 Am. Dec. 478, that was followed in Theall v. Theall, 7 La. 226, 26 Am.Dec. 501, was reinstated by the ruling in Succession of Marsal, 118 La. 212, 42 So. 778, holding that the wife's right in the property acquired during the existence of the community is not a mere hope or expectancy as at common law and do not generate only upon the dissolution of the marriage, but grow out of the marriage contract itself and has been followed ever since. Succession of May, 120 La. 692, 45 So. 551; Beck v. Natalie Oil Co., 143 La. 153, 154, 78 So. 430; Phillips v. Phillips, supra; Succession of Wiener, 203 La. 649, 14 So.2d 475; Azar v. Azar, 239 La. 941, 120 So.2d 485; Henderson's Estate v. C.I.R., 155 F.2d 310, 164 A.L.R. 1030.

◼ As aptly observed in Succession of Wiener, supra, "In Louisiana * * * the theory of the civil law is that the acquisition of all property during the marriage is due to the joint or common efforts, labor, industry, economy, and sacri-

4. Pertinent portions of Article 2402 provides, "This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or

by purchase, or in any other similar way, * * *."

5. Pertinent portions of Article 2404 provides, "The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife. * * *"

fices of the husband and wife; in her station the wife is just as much an agency in acquiring this property as is her husband. In Louisiana, therefore, the wife's rights in and to the community property do not rest upon the mere gratuity of her husband; they are just as great as his and are entitled to equal dignity."

Despite the conceded erroneous reasoning in Guice v. Lawrence, counsel for the seizing creditor contends the decision of this court in the case of Davis v. Compton, which has been followed by the appellate courts of this state,[6] is sound and should be followed wherein it was reasoned that Article 2372 (now 2403) must be interpreted in connection with Article 2373 (now 2404) and, concluded, "As the husband has the right to alienate the effects of the community without the consent of his wife, creditors of the husband before the marriage ought also have the right to seize the effects of the community to satisfy their claims."

The fallacy of this contention is that the latter conclusion is based solely on the authority cited therefor in the opinion, Guice v. Lawrence, which has been shown hereinabove to be based on the false assumption that the wife's interest is a mere expectancy or residuary interest until the dissolution of the community. Furthermore, we fail to appreciate the logic of the court's reasoning that just because under the law of this state the husband is designated the head and master of the community and endowed with the power of alienating the community effects without the consent of his wife, that would give the creditors of the husband existing before his marriage any right to seize the effects of the community to satisfy these claims in face of the positive pronouncement of the Code that the "debts of both the husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects."

While the appellate courts of this state are bound to follow a decision of this court, decisions of courts of other jurisdictions, as well as those of the courts of appeal of this state, while persuasive are not controlling on this court. A study and analysis of the several decisions of the courts of appeal relied upon by counsel (referred to in footnote 6) will readily disclose that they are not even persuasive as the expression relied upon were either dicta as in Hill v. Abell, supra, and Favrot v. Paine & Bourgeois, supra, or were based on the theory announced in Guice v. Lawrence as in First National Bank of

---

6. Hill v. Abell, 5 La.App. 497; Favrot v. Paine & Bourgeois, 9 La.App. 30, 118 So. 775; First National Bank of Ville Platte v. Coreil, La.App., 145 So. 395; Magnolia Petroleum Co. v. Crigler, 12 So.2d 511; Stafford v. Sumrall, La.App., 21 So.2d 83; Landreneau v. Ceasar, La. App., 153 So.2d 145.

Ville Platte, supra, or the decision of Davis v. Compton as in Stafford v. Sumrall, supra, and Landreneau v. Ceasar, supra, and Magnolia Petroleum Co. v. Crigler, supra, simply stated the community property was subject to seizure for payment of the husband's obligations without citation of authority therefor but obviously following the Guice and Davis cases.

For the reasons assigned the judgments of the district court and the court of appeal are reversed; the exception of no cause of action filed by the seizing creditor is overruled; and the case is hereby remanded to the trial court for further consideration in accordance with law. All costs of the court of appeal and of this court are to be borne by United States Fidelity and Guaranty Company, further costs to await final determination of this case.