BLANCHE, Judge.
Petitioners have brought this action for a permanent injunction and damages against respondent for wrongful seizure and garnishment. Judgment was rendered by the trial court in favor of petitioners, and respondent has appealed. On May 12, 1966, Charles Courns, petitioner herein, co-signed a promissory note for Leon Taylor in the amount of $650. The note was payable to X-L Finance Company, Inc. Neither Taylor nor Courns made any payments on the note, and on October 16, 1967, suit was instituted against both of them. Only Courns answered and judgment was entered against him on March 1, 1968. Between the time the debt was incurred and judgment obtained thereon, Courns married Doretha Cage on June 10, 1967. On April 19, 1968, the finance company, as judgment creditor, obtained a garnishment judgment pursuant to a writ of fieri facias against the wages paid Mrs. Courns by her employer, Baton Rouge General Hospital. Payments were made on the garnishment until March 25, 1970, at which time Charles and Doretha Courns sued to enjoin appellant from proceeding further against the community of acquets and gains existing between them, for a refund of sums seized under the garnishment (approximately $700 had been paid as of the filing of the petition), for damages in the amount of $500 and for reasonable attorney’s fees.
After trial on the merits, judgment was entered on August 7, 1970, against X-L Finance Company, Inc., permanently enjoining it from proceeding against the community of acquets and gains existing between Charles and Doretha Courns, ordering the refund of $956.44 seized and paid pursuant to the garnishment, awarding damages against X-L in the amount of $43.56, assessing costs against X-L from the filing of the garnishment petition, and allowing petitioners to withdraw their claim for attorney’s fees.
Appellant has raised two issues that merit our consideration: (1) do the factual differences between the present case and United States Fidelity & Guaranty Company v. Green, 252 La. 227, 210 So.2d 328 (1968), justify a finding by this Court that the holding of the Green case is inapplicable to the facts herein, and (2) does the fact that the seizure and garnishment of Mrs. Courns’ wages occurred prior to the Supreme Court opinion in Green preclude this Court from following the Green case as decisional authority for the resolution of the instant litigation.
*753 In the Green case, plaintiff, United States Fidelity & Guaranty Company, sought to enforce a judgment that had been obtained against Wesley Green prior to his marriage to Janet Green in 1958. Garnishment proceedings were instituted against the Greens’ community bank account and Janet Green’s monthly salary. The Greens intervened praying that the bank account and the salary he released from garnishment and that United States Fidelity & Guaranty Company be enjoined from further proceedings against Mrs. Green, her salary and the bank funds. The trial court granted the garnishment and on appeal the Second Circuit affirmed, dismissing the Greens’ intervention. In reversing the lower courts, the Supreme Court held that a judgment creditor cannot seize community assets to satisfy a judgment obtained against the husband prior to his marriage.
Appellant asserts that Green must he limited to its precise facts. In other words, the Green prohibition against seizing community assets to satisfy a judgment rendered on an obligation contracted prior to marriage is limited to the situation where both the debt and judgment thereon are anterior to the marriage. Appellant’s restrictive interpretation is inconsistent with the fact that in Green the Supreme Court based its holding upon Article 2403 of the Louisiana Civil Code which provides in part:
“ * * * [T]he debts contracted during the marriage enter into the partnership or community of gains, and must he acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects.”
Obviously, the reduction of one’s civil obligation to judgment does not change the nature of the debt referrred to by Article 2403.
Appellant’s next argument is that Geeen should not be followed as decisional authority for the resolution of this case because the seizure and garnishment of Mrs. Courns’ wages occurred prior to the Supreme Court opinion in Green.
Appellant’s argument presupposes that the opinion in Green constituted a change in the law of this state. Although there can be no doubt that Green was contrary to the then prevailing approach taken by the Courts of Appeal, the Supreme Court stated that the Courts of Appeal had been in error in holding that a judgment creditor could proceed against community funds to satisfy a judgment relating to a prenuptial obligation of either spouse.
The following language of the Supreme Court clearly indicates that Green is not to be viewed as a change in the law of this state:
“The early decisions of this court upon which the court of appeal decision rests commenced with the decision in the case of Guice v. Lawrence, 2 La.Ann. 226, (followed thereafter in Glenn v. Elam, 3 La.Ann. 611, and Davis v. Compton, 13 La.Ann. 396) which was based on the assumption that the wife’s ownership in the community was not absolute, but a mere expectancy or residuary interest, until the community is dissolved. However, as pointed out in the case of Phillips v. Phillips, 160 La. 813, 107 So. 584, that decision was erroneous as it was based on a wrong translation of the Spanish word domino used by the commentator Febrero as meaning dominion or control instead of ownership in describing the authority of the husband over the community estate. In the opinion it is further observed that the case of Guice v. Lawrence has been, in effect, overruled and the doctrine of Dixon v. Dixon Exr’s, 4 La. 188, 23 Am.Dec. 478, that was followed in Theall v. Theall, 7 La. 226, 26 Am.Dec. 501, was reinstated by the ruling in Succession of Marsal, 118 La. 212, 42 So. 778, holding that the wife’s right in the property ac *754 quired during the existence of the community is not a mere hope or expectancy as at common law and do not generate only upon the dissolution of the marriage but grow out of the marriage contract itself and has been followed ever since. [Citations omitted]
‡ ifi * %
“Despite the conceded erroneous reasoning in Guice v. Lawrence, counsel for the seizing creditor contends the decision of this court in the case of Davis v. Compton, which has been followed by the appellate courts of this state, is sound and should be followed wherein it was reasoned that Article 2372 (now 2403) must be interpreted in connection with Article 2373 (now 2404) and, concluded, ‘As the husband has the right to alienate the effects of the community without the consent of his wife, creditors of the husband before the marriage ought also have the right to seize the effects of the community to satisfy their claims.’ [Footnote 6 omitted]
“The fallacy of this contention is that the latter conclusion is based solely on the authority cited therefor in the opinion, Guice v. Lawrence, which has been shown hereinabove to be based on the false assumption that the wife’s interest is a mere expectancy or residuary interest until the dissolution of the community. Furthermore, we fail to appreciate the logic of the court’s reasoning that just because under the law of this state the husband is designated the head and master of the community and endowed with the power of alienating the community effects without the consent of his wife, that would give the creditors of the husband existing before his marriage any right to seize the effects of the community to satisfy these claims in face of the positive pronouncement of the Code that the ‘debts of both the husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects.’
“While the appellate courts of this state are bound to follow a decision of this court, decisions of courts of other jurisdictions, as well as those of the courts of appeal of this state, while persuasive are not controlling on this court. A study and analysis of the several decisions of the courts of appeal * * * will readily disclose that they are not even persuasive as the expression relied upon were either dicta * * * or were based on the [now discredited theory announced in Guice v. Lawrence * * * or the decision of Davis v. Compton * * * ” (United States Fidelity & Guaranty Company v. Green, 210 So.2d 328, 330, 331)
In view of the above language of the Supreme Court, we are compelled to hold that the unambiguous language of Article 2403 was the controlling principle of law at the time X-L Finance Company seized and garnisheed the wages of Mrs. Courns.
Accordingly, and for the above and foregoing reasons, we affirm the judgment of the trial court, all costs to be paid by appellant.
Affirmed.