SARTAIN, Judge.
This is an action by Neva Felker Creech to seize and sell certáin real estate and movable property belonging to her former husband, Glideville L. Creech, individually, or to the community of acquets and gains existing between Mr. Creech and his present wife, Barbara Carney Hair Creech.
On May 27,' 1966, the plaintiff and Mr. Creech were legally separated by judgment rendered by The Family Court for the Parish of East Baton Rouge. A community property settlement was entered into thereafter, as a part thereof the plaintiff received a note dated June 27, 1966, in the amount of $98,500.00 which was made by Capitol Mack, Inc., by its President, G. L. Creech, and endorsed by Mr. Creech.
When payments on the note were not made, the plaintiff brought suit and obtained a judgment against Capitol Mack, *696 Inc. only on March 12, 1971, and against Mr. Creech personally on September 22, 1971. In an effort to satisfy that judgment, the plaintiff then had a writ of fiera facias issued under which the furnishings and the home now occupied and owned by the intervenors were seized.
Mr. Creech and his present wife subsequently filed a petition of intervention seeking to enjoin the sale of this property, they alleging that this debt, having been made prior to the establishment of the second community, may be acquitted only out of the personal and individual effects of the debtor and not out of assets of that second community, they relying on the provisions of Civil Code Article 2403.
The District Judge, in finding for the intervenors, concluded that, in view of our Supreme Court’s ruling in United States Fidelity & Guaranty Co. v. Green, 252 La. 227, 210 So.2d 328 (1968), the plaintiff should be permanently enjoined from the contemplated seizure and sale. We affirm the judgment of that court.
Civil Code Article 2403 contains these provisions:
“In the same manner, the debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects.” (Emphasis ours)
In the Green case, supra, that court, in reversing prior jurisprudence, held that the funds belonging to a community of acquets and gains could not be seized or garnished to satisfy the debt of a husband made prior to the inception of that community. There, the plaintiff attempted to seize funds in the joint bank account of Wesley and Janet Green and also to garnish the salary of Janet Green, to pay a judgment against Wesley Green incurred prior to the marriage of those two. Wesley and Janet Green intervened to prevent such action.
In overruling the district and appellate courts, the Supreme Court construed strictly Civil Code Article 2403, holding these words to be dispositive of the question:
“Debts of both husband and wife, anteri- or to the marriage, must be acquitted out of their own personal and individual effects.”
In so doing, the court departed from that line of cases which had previously reached opposite results by construing Article 2403 with Articles 2402 and 2404 and, in passing, plainly rejected the reasoning that:
“ ‘As the husband has the right to alienate the effects of the community without the consent of his wife, creditors of the husband before marriage ought also to have the right to seize the effects of the community to satisfy their claims.’ ”
It is clear then, that the Supreme Court has'laid to rest attempts to satisfy debts incurred prior to the establishment of a community from community assets. We, of course, are bound by this latest expression by the court on this matter.
The principles set out in the Green case, supra, are directly applicable to the case at bar. Here, Mr. Creech endorsed the note sued upon some two years prior to his marriage to Barbara Carney Hair Creech. In view of Green, this obligation may not now be satisfied from the assets of that community. The real property sought to be seized and sold is part of that community, as it was purchased on September 4, 1968, subsequent to that marriage, and is, therefore, exempt from seizure for this debt.
As for the movables also seized, the District Judge found that they were either the separate property of Barbara Carney Hair Creech or that, in the case of certain items owned by Mr. Creech prior to this second marriage, that these items were donated either to the present Mrs. Creech or to their community for its use. This determination was undoubtedly based *697 upon the trial judge’s belief of the interve-nors, who were the only witnesses to testify, and the lack of opposition to those self-serving declarations. In that connection, we find that no manifest error was committed and the judgment is affirmed in all respects. All costs of this appeal to be paid by the appellant.
Affirmed.