BLANCHE, Judge.
Following rendition on October 29, 1973, of a judgment by the Louisiana Supreme Court in the matter entitled, “Neva Felker Creech v. Capitol Mack, Inc., et al.,” reported at 287 So.2d 497, wherein the Louisiana Supreme Court reversed the previous judgments of the Nineteenth Judicial District Court and of this Court, 268 So.2d 695 (1972), holding that the patrimony of the former husband of Neva Felker Creech, plaintiff herein, namely, Glideville L. Creech, exigible for satisfaction of a judgment in favor of plaintiff-appellant, included that community property existing within the community of acquets and gains between Glideville L. Creech and his subsequent wife, Barbara Carney Hair, plaintiff-appellant herein filed this suit in the trial court for garnishment under a writ of fieri facias on November 5, 1973.
Glideville L. Creech and Barbara Ann Carney Creech filed a petition of intervention in these proceedings seeking to recall and set aside the alleged illegal seizure, to enjoin further comparable seizures by plaintiff, and for damages and attorney’s fees for such alleged illegal seizures, the contention, inter alia, of intervenors being that the judgment of the Louisiana Supreme Court rendered on October 29, 1973, was- not yet executory, but on the contrary there was pending in the Louisiana Supreme Court a timely filed application for rehearing, which application had not yet been acted upon by the Louisiana Supreme Court at the time of filing of this petition for garnishment under a writ of fieri fa-cias.
The trial court rendered judgment in favor of intervenors ordering the writ of fieri facias and seizure issued pursuant thereto on November 7, 1973, recalled, vacated and set aside, and the property, funds and credits seized thereunder, particularly any and all funds in any accounts of various banks which had been made garnishees herein, released and restored to the possession of intervenors. The trial court further rendered judgment preliminarily enjoining plaintiff-appellant from seizing or attempting to seize any other property belonging to the community of acquets and gains existing between intervenors in satisfaction of any indebtedness to plaintiff-appellant by intervenor, Glideville L. Creech, which came into existence prior to the marriage between Glideville L. Creech and Barbara Ann Carney, until the Louisiana Supreme Court finally disposed of the application for rehearing pending as docket No. 53,021 in that Court. The trial court deferred the claim of intervenors for attorney’s fees and damages for the alleged wrongful seizure so as to have those issues disposed of via ordinaria rather than pursuant to a summary proceeding. From this judgment plaintiff-appellant suspensively appealed, and intervenors timely answered the appeal.
The record clearly demonstrates that the seizure pursuant to the writ of fieri facias directed by plaintiff-appellant to be issued herein on November 5, 1973, was premature and therefore constituted a *389 wrongful seizure. Inasmuch as the Louisiana Supreme Court rendered its judgment on October 29, 1973, that judgment did not become executory until the expiration of the fourteen-day delay accorded the parties adversely affected thereby to apply for a rehearing, Louisiana Constitution, Article 7, Section 11; Louisiana Code of Civil Procedure, Articles 2166 and 2167; and Rule XI, Louisiana Supreme Court Rules.[1] The fact that the Louisiana Supreme Court ultimately refused the application of inter-venors for a rehearing does not render nugatory the wrongful seizure prematurely effectuated by plaintiff-appellant herein, cf. Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3rd Cir. 1969).
Plaintiff-appellant argues, however, that the writ of fieri facias directed to be issued herein involved other property than that which was actually seized in earlier trial court proceedings, which earlier seizure was subsequently enjoined by the trial court and by this Court, following which those judgments were reversed by the Louisiana Supreme Court and “the case [was] remanded to the trial court for further proceedings in conformity with this opinion,” 287 So.2d at 510. This contention is without merit, for it is obvious that plaintiff-appellant sought to seize prematurely property falling within the community of acquets and gains existing between her former husband and his second wife, inter-venors herein. Plaintiff-appellant simply could not with impunity seek to effectuate such a seizure until the Supreme Court judgment favorable to her contentions became executory. For the reasons previously cited, the judgment was not executory at the time of the effectuation of this seizure on November 5, 1973, the delay for applying for a rehearing not having expired as of that date. The judgment of the trial court dissolving the seizure was, therefore, valid, as was the judgment preliminarily enjoining plaintiff-appellant from attempting any further seizures of property falling within the community of acquets and gains existing between intervenors, until such time as the judgment of the Louisiana Supreme Court became executory.
Intervenors in their answer to the appeal urge that the trial court erred in not making the injunction- permanent or, alternatively, in at least not making the period of time within which the preliminary injunction would remain in effect to coincide with the delay permitted intervenors to apply to the United States Supreme Court for a writ of certiorari. These contentions are likewise without merit. The trial court properly limited the duration of the preliminary injunction to the time at which the judgment of the Louisiana Supreme Court between these litigants would become executory. Such judgment would become executory upon either expiration of the delay for applying for a rehearing, or upon the refusal by the Louisiana Supreme Court of the application for a rehearing, unless the Court should specifically permit the filing of a second application for a rehearing, assuming a rehearing were granted. Once the case has been disposed of finally by the Louisiana Supreme Court and the concomitant delays have expired, the judgment becomes executory, and only if a stay order is issued, either by the Louisiana Supreme Court or by a Justice of the United States Supreme Court in conjunction with a petition to the United States Supreme Court for certiorari directed to the Louisiana Supreme Court, could execution of the judgment be further properly suspended.
Intervenors further complain in their answer to the appeal that the trial court refused to pass upon their contentions of unconstitutionality of the result *390 reached by the Louisiana Supreme Court in this litigation. This same constitutional attack was presented for consideration to the Louisiana Supreme Court by the application for rehearing filed by intervenors, but these contentions of unconstitutionality were obviously rejected by the Louisiana Supreme Court by virtue of its denial of the application for rehearing on January 24, 1974. This Court will not entertain another attempted constitutional assault by intervenors upon the result reached by the Louisiana Supreme Court in disposing of this issue between these respective litigants.
For the foregoing reasons, the judgment appealed from is affirmed, and the case is remanded to the trial court for further proceedings consistent with this opinion, with all costs of this appeal assessed to plaintiff-appellant.
Affirmed and remanded.

. The first paragraph of Rule XI is reproduced verbatim as Rule IX, which latter-numbered rule, although adopted by the Louisiana Supreme Court on August 31, 1973, did not become effective until January 1, 1974. Accordingly, former Rule XI was at all pertinent times the Supreme Court rule in effect and governing these proceedings.