419 So.2d 23 (1982)
PPG INDUSTRIES, INC., Plaintiff-Appellant,
v.
BEAN DREDGING CORPORATION, et al., Defendant-Appellee.
No. 82-136.
Court of Appeal of Louisiana, Third Circuit.
July 28, 1982.
Writ Granted November 5, 1982.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Fred H. Sievert, Jr. and Robert *24 S. Dampf, Lake Charles, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Allen F. Campbell and Cornelieus G. Van Dalen, New Orleans, for defendant-appellee.
Before SWIFT, DOUCET and LaHAYE[*], JJ.
DOUCET, Judge.
Plaintiff, PPG Industries, Inc., brought this lawsuit against Bean Dredging Corporation and C. F. Bean Corporation, seeking to recover damages allegedly resulting from defendants' negligence during the operation of a dredging project in the Calcasieu Ship Channel. The accident occurred when a dredge owned and operated by Bean struck and ruptured a 12 inch natural gas pipeline owned by Texaco, Inc.[**] The pipeline was delivering natural gas to PPG at its industrial plant site in the immediate vicinity of the rupture. As a result of the accident, which occurred on April 5, 1980, natural gas delivery was interrupted and PPG was forced to purchase gas from secondary sources at a substantially increased cost, thereby suffering considerable economic loss. Furthermore, PPG suffered additional monetary losses due to decreased efficiency of operation.
Bean filed an Exception of No Cause of Action and No Right of Action to PPG's petition. On November 30, 1981 when the matter came before the trial judge, he sustained said exceptions. From that judgment, PPG appeals.
The sole issue on appeal is whether PPG's petition gives rise to legally protected interest and states cause of action. The issue, as posed by appellee, is whether the law as expressed in Robin's Dry Dock & Repair Company v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290, 1927, and Louisiana's adoption thereof, Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (La.1957), should be overruled.
The aforementioned cases stand for the proposition that there can be no recovery for the indirect damages resulting from negligent interference with contractual obligations or business expectations. The losses claimed by PPG in this matter arise from the alleged negligence of the dredge, Bean No. 32, in rupturing the natural gas pipeline owned by Texaco. The damage prevented Texaco from fulfilling its contractual obligations to PPG in delivering natural gas to the PPG plant in Lake Charles.
Robin's Dry Dock, supra, is on point. Hence, the question becomes, is it time to re-examine the doctrine announced therein, and if so, which court should examine the wisdom of that decision.
Defendant's position, representing the orthodox view, is the general recognition of non-liability for negligent interference in existing contracts or with prospective contractual relations. The rule relieves an unwary tortfeasor from potentially ruinous liability for indirect economic losses. As was noted in James, Limitations on Liability for Economic Loss Caused by Negligence: A Pragmatic Appraisal, 25 Vand.L. Rev. 43 (1972), under the rule, "The insurer of A's life has no action against one who negligently causes A's premature death; the employer has no action for sums that he has had to pay because defendant has negligently injured his employee; a ship's time charterer has no action for loss of the ship's use while it is laid up for repairs necessitated by defendant's negligence; and a workman has no action for loss of wages during a layoff resulting from damage negligently caused to his employer's plant."
In each of the aforementioned examples of the doctrine's application the loss is indirect and economic. Furthermore, serious problems face insurers in handling insurance against potentially wide, open-ended liability. On the other hand, plaintiff could have contracted for Texaco to indemnify appellant for economic loss occasioned by *25 third party negligence, but apparently failed to do so. The rule provides a simple, clear and predictable rule for the commercial world to follow, make its plans and insure accordingly.
Appellant's position, although representing the minority view in this country, is equally persuasive. PPG has undisputably suffered damage, through no fault of their own, as a result of defendants' negligence and they submit that the rule of Robin's Dry Dock is extremely archaic, arbitrary, and unfair and should not be maintained in our modern society. In support thereof, PPG contends that difficulty in proof of causation in damages and the possibility of fraudulent claims is not a valid reason to refuse recognition of an otherwise valid cause of action, nor is limiting defendants' commercial liability of itself valid grounds for denying plaintiff its day in court. Instead, liability should be a function of foreseeability and nature of loss. Such a rule would lessen the burden of placing such losses upon innocent plaintiffs and shift the responsibility to insure to the negligent defendant. Comment, 88 Harv.L.Rev. 444 (1974).
Preliminarily we address the question of whether the Robin's Dry Dock doctrine has acquired the status of jurisprudence constante. We believe it has. Our research has revealed no substantial deviation from the doctrine, under the circumstances presented herein, since its Louisiana adoption in 1957. Courts of Appeal are bound to follow decisions of the Supreme Court. United States Fidelity and Guaranty Co. v. Green, 252 La. 227, 210 So.2d 328 (La.1968), overruled on other grounds, Creech v. Capitol Mack, Inc., 287 So.2d 497 (La.1974). When jurisprudence has consistently established a uniform interpretation, we are obliged to follow that rule absent mandate to the contrary. Garrett v. Pioneer Production Corp., 390 So.2d 851 (La. 1980).
We are constrained to follow this rule of loss distribution. Accordingly the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Judge Joseph A. LaHaye, 27th Judicial District Court, Parish of St. Landry, presided as Judge Ad Hoc in this decision.
[**] We note that Texaco was not joined in these proceedings.