DECUIR, J.,
dissenting.
1,1 dissent for the reasons assigned by Judge Pickett, and for the additional reasons herein.
This is certainly not a new issue for this court. In PPG Industries, Inc. v. Bean Dredging Corp. (La.App. 3 Cir.1982), 419 So.2d 23, 24-25, this court said:
The issue, as posed by appellee, is whether the law as expressed in Robin’s [Robins ] Dry Dock & Repair Company v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927), and Louisiana’s adoption thereof, Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (La.1957), should be overruled.
Robin’s [Robins ] Dry Dock, supra, is on point. Hence, the question becomes, is it time to re-examine the doctrine announced therein, and if so, which court should examine the wisdom of that decision.
[[Image here]]
Defendant’s position, representing the orthodox view, is the general recognition of non-liability for negligent interference in existing contracts or with prospective contractual relations. The rule relieves an unwary tortfeasor from potentially ruinous liability for indirect economic losses. As was noted in James, Limitations on Liability for Economic Loss Caused by Negligence: A Pragmatic Appraisal, 25 Vand.L.Rev. 43 (1972), under the rule, “The insurer of A’s life has no action against one who negligently causes A’s premature death; the employer has no action for sums that he has had to pay because defendant has negligently injured his employee; a *784 ship’s time charterer has no action for loss of the ship’s use while it is laid up for repairs necessitated by defendant’s negligence; and a |2workman has no action for loss of wages during a layoff resulting from damage negligently caused to his employer’s plant.”
In each of the aforementioned examples of the doctrine’s application the loss is indirect and economic. Furthermore, serious problems face insurers in handling insurance against potentially wide, open-ended liability. On the other hand, plaintiff could have contracted for Texaco to indemnify appellant for economic loss occasioned by third party negligence, but apparently failed to do so. The rule provides a simple, clear and predictable rule for the commercial world to follow, make its plans and insure accordingly.
Appellant’s position, although representing the minority view in this country, is equally persuasive. PPG has un-disputably suffered damage, through no fault of their own, as a result of defendants’ negligence and they submit that the rule of Robin’s Dry Dock is extremely archaic, arbitrary, and unfair and should not be maintained in our modern society. In support thereof, PPG contends that difficulty in proof of causation in damages and the possibility of fraudulent claims is not a valid reason to refuse recognition of an otherwise valid cause of action, nor is limiting defendants’ commercial liability of itself valid grounds for denying plaintiff its day in court. Instead, liability should be a function of foreseeability and nature of loss. Such a rule would lessen the burden of placing such losses upon innocent plaintiffs and shift the responsibility to insure to the negligent defendant. Comment, 88 Harv.L.Rev. 444 (1974).
Preliminarily we address the question of whether the Robin’s [Robins ] Dry Dock doctrine has acquired the status of jurisprudence constante. We believe it has. Our research has revealed no substantial deviation from the doctrine, under the circumstances presented herein, since its Louisiana adoption in 1957. Courts of Appeal are bound to follow decisions of the Supreme Court. United States Fidelity and Guaranty Co. v. Green, 252 La. 227, 210 So.2d 328 (La.1968), overruled on other grounds, Creech v. Capitol Mack, Inc., 287 So.2d 497 (La.1974). When jurisprudence has consistently established a uniform interpretation, we are obliged to follow that rule absent mandate to the contrary. Garrett v. Pioneer Production Corp., 390 So.2d 851 (La.1980).
We are constrained to follow this rule of loss distribution. Accordingly the judgment appealed from is affirmed at appellant’s cost.
The supreme court affirmed our decision. However, without overruling For-cum^-James, the majority discussed the policy reasons which barred recovery under a duty risk analysis. PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984). Despite comments by Justice Calogero in his dissent that the majority was abandoning the rule, and the majority’s characterization in 9 to 5 Fashions, Inc., v. Spumey, 538 So.2d 228 (La.1989), of PPG as abrogating the per se exclusionary rule, Forcum-James has not been overruled.
Accordingly, we are constrained to follow the actual holdings of the supreme court. Just as the five-judge panel of this court did in Phillips, 08-934 (La.App.3 Cir. 4/8/09), 10 So.3d 339, writ denied, 09-1504 (La.10/30/09), 21 So.3d 284, and just as the federal court did in Wiltz v. Bayer Crop-Science, 645 F.3d 690 (5th Cir.2011). To *785 day as in 1982, we are not the appropriate court to change this rule of law.
The trial court should be affirmed.